EXHIBIT 2

Joshua L. Dratel (admitted *pro hac vice*)
Alice L. Fontier (admitted *pro hac vice*)
Stuart A. White
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707 (telephone)
(212) 571-3792 (facsimile)

*Attorneys for Defendant*
*Tamil Rehabilitation Organization*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------- :

KARUNAMUNIGE CHAMILA            :        Civil Action No. 2:09-cv-05395
KRISHANTHI, et al.,                    :        (DMC)(JAD)
                                       :
          Plaintiffs,                  :        NOTICE OF MOTION
                                       :        AND MOTION FOR
          v.                           :        RECONSIDERATION
                                       :
RAJAKUMARA RAJARATNAM,            :
JESUTHASAN RAJARATNAM,            :
and TAMIL REHABILITATION          :        Motion Date: April 18, 2010
ORGANIZATION,                     :
                                       :        ORAL ARGUMENT REQUESTED
          Defendants.                  :
                                       :

-------------------------------------------- :

TO:   Clerk
      United States District Court
      for the District of New Jersey
      Martin Luther King Jr., Federal Bldg. and U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07101

1

Jason E. Macias, Esq.
Lite DePalma & Greenberg, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

John M. Eubanks, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465

*Attorneys for Plaintiffs*

Heather J. Pellegrino, Esq.
Christopher Mark Mikson, Esq.
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave., NW
Washington, D.C. 20036-1564

John J. Gibbons, Esq.
Thomas R. Valen, Esq.
Gibbons, P.C.
One Gateway Center
Newark, New Jersey 07102-5310

*Attorneys for Defendants Rajakumara*
*Rajaratnam and Jesuthan Rajaratnam*

PLEASE TAKE NOTICE that on April 18, 2011, or as soon thereafter as

counsel may be heard, the undersigned counsel for Defendant Tamil

Rehabilitation Organization (hereinafter "TRO-USA") will move before the

Honorable Dennis M. Cavanaugh, U.S.D.J. United States District Court for the

District of New Jersey, Martin Luther King Building & United States Courthouse,

2

50 Walnut Street, Newark, New Jersey, for an order pursuant to the Federal

Magistrates Act, 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed.R.Civ.P., and Rule

72.1(a), L.Civ.R., reconsidering the Court's March 10, 2011, Order, which

(1)  granted Plaintiffs' motion to compel TRO-USA to seek a license from

Department of Treasury, Office of Foreign Assets Control (hereinafter "OFAC")

to obtain access to TRO-USA's documents in order to engage in the jurisdictional

discovery granted by Judge Cavanaugh, and propounded by Plaintiffs;  and,

(2)  ordered TRO-USA to seek such a license not later than April 1, 2011.

TRO-USA seeks reconsideration of the Magistrate Court's decision to

compel TRO-USA to seek a license from OFAC to obtain documents for

discovery, notwithstanding the fact that the Court found TRO-USA does not have

possession, custody, or control, of the demanded documents, on the grounds that,

the Magistrate Judge's order is clearly erroneous or contrary to law.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion,

TRO-USA will rely on the attached Memorandum of Law in support of the

Motion and the attached Declaration of Stuart A. White, Esq., in support of the

Motion.

3

**PLEASE TAKE FURTHER NOTICE** that oral argument is respectfully

requested.

Dated:  March 22, 2011
        New York, New York

                                    Respectfully submitted,

                                    JOSHUA L. DRATEL, P.C.

                                    s/Stuart A. White_____
                                    By:    Stuart A. White
                                           JOSHUA L. DRATEL, P.C.
                                           2 Wall Street, 3rd Floor
                                           New York, NY 10005
                                           (212) 732-0707
                                           swhite@joshuadratel.com

                                           *Attorneys for Defendant*
                                           *Tamil Rehabilitation*
                                           *Organization*

Joshua L. Dratel (admitted *pro hac vice*)
Alice L. Fontier (admitted *pro hac vice*)
Stuart A. White
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707 (telephone)
(212) 571-3792 (facsimile)

*Attorneys for Defendant*
*Tamil Rehabilitation Organization*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------- :

KARUNAMUNIGE CHAMILA      :     Civil Action No. 2:09-cv-05395
KRISHANTHI, et al.,            :     (DMC)(JAD)
                                :

        Plaintiffs,        :     MEMORANDUM OF LAW
                                :     IN SUPPORT OF MOTION
        v.                 :     FOR RECONSIDERATION
                                :

RAJAKUMARA RAJARATNAM,      :
JESUTHASAN RAJARATNAM,       :
and TAMIL REHABILITATION      :     Motion Date: April 18, 2010
ORGANIZATION,              :
                                :     ORAL ARGUMENT REQUESTED
        Defendants.       :
                                :

------------------------------------------- :

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THE MAGISTRATE'S ORDER MUST BE
VACATED BECAUSE IT IS CLEARLY
ERRONEOUS AND CONTRARY TO LAW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.   Magistrate Court Findings  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.   TRO-USA Lacks Possession, Custody, or Control,
     of the Demanded Discovery Documents And
     Therefore Cannot Be Compelled to Produce the Documents . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# Table of Authorities

## Cases

*Bobian v. CSA Czech Airlines*, 222 F.Supp.2d 598, 601 (D.N.J. 2002)
   *aff'd* 93 Fed.Appx. 406 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Camden Iron and Metal, Inc. v. Marubeni America Corp.*,
   138 F.R.D. 438, 441 (D.N.J. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 111, 1113 (3d Cir. 1986) . . . . . 3

*Dome Petroleum Ltd. v. Employers Mutual Liab. Ins. Co.*,
   131 F.RD. 63,65 (D.N.J. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,8

*Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 139-140 (3d Cir. 1988) . . . . 1,4,6,8

*Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998) . . . 3,9

*Insignia Systems, Inc. v. Edelstein*, Civ. Action No. 09-4619 (AET),
2009 WL 3521796, *4 (D.N.J. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kumpf v. C.I.R.*, 682 F.2d 67, 71 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 8

*Pickel v. United States*, 746 F.2d 176, 185 n. 8 (3d Cir. 1984) . . . . . . . . . . . . 7,8

*Reeves v. Penn. R. Co.*, 80 F.Supp. 107, 109 (D. Del. 1948) . . . . . . . . . . . . . . . 7

*Societe Internationale Pour Participations Industrielles
Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958) . . . . . . . . . . . . . 4,6,8

*South Seas Catamaran, Inc. v. M/V Leeway,* 120 F.R.D. 17, 21 (D.N.J.1988) . . . 3

*United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948) . . . . . . . . . . . . . . . . . . 3

*United States v. Howard*, 360 F.2d 373, 381-382 (3d Cir. 1966) . . . . . . . . . . . . 6

*Wachtel v. Guardian Life Ins. Co.*, 232 F.R.D. 213, 216-17 (D.N.J. 2005) . . . . . . 3

**Rules & Statutes**

28 U.S.C. §636(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,3

Rule 34, Fed.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,7

Rule 34(a)(1), Fed.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Rule 37, Fed.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,5,8

Rule 72(a), Fed.R.Civ.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

Rule 72.1(a)(1), L.Civ.R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 72.1(a)(3)(A), L.Civ.R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rule 72.1(c)(1), L.Civ.R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 72.1(c)(1)(A), L.Civ.R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 72.1(c)(1)(B), L.Civ.R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Introduction

This Memorandum of Law is respectfully submitted on behalf of defendant Tamil Rehabilitation Organization (hereinafter "TRO-USA"), in support of its Motion for Reconsideration of the Magistrate Judge's Order to Produce Discovery. *See* March 10, 2011, Order attached to the March 21, 2011, Declaration of Stuart A. White, Esq., in Support of Defendant TRO-USA's Motion For Reconsideration (hereinafter "White Declaration") as Exhibit 1.

Plaintiffs moved, pursuant to Rules 34 & 37, Fed.R.Civ.P., "to compel TRO-USA to seek a license to obtain its seized documents from OFAC so that it can respond to Plaintiffs' jurisdictional discovery requests." Letter of John Eubanks, Esq., at 1 (Dec. 17, 2010) (hereinafter "Motion to Compel"). TRO-USA opposed the Motion to Compel on the basis that the documents sought by Plaintiffs have been seized by the Federal Bureau of Investigation and are now controlled by OFAC. Letter from Stuart A. White, Esq., (Dec. 29, 2010) (hereinafter "Opposition Brief").

Production of discovery can be compelled only if the court finds that the responding party has possession, custody, or control of the documents subject to discovery. Rules 34 & 37, Fed.R.Civ.P., *and Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 139-140 (3d Cir. 1988). Here, the Magistrate Judge held that TRO-USA

1

lacked possession, custody, or control of the requested discovery documents, but nonetheless ordered TRO-USA to seek a license from OFAC to access the documents and then to produce the documents.  Order at 2-3.

The order of the Magistrate Judge is clearly erroneous and contrary to law, and this Court should vacate the Order.  28 U.S.C. §636(b)(1)(A).  Accordingly, TRO-USA now files this timely motion for reconsideration pursuant to 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed.R.Civ.P., and Rules 72.1(a)(1) & (c)(1), L.Civ.R.

Also, the Magistrate Judge's Order directs TRO-USA to file an application for a specific license no later than April 1, 2011.  Order at 3.[1]

## ARGUMENT

### POINT I

### THE MAGISTRATE'S ORDER MUST BE VACATED BECAUSE IT IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

This Court delegated to the Magistrate Judge, the authority to preside over jurisdictional discovery.  Opinion and Order, Honorable Dennis M. Cavanaugh, at

---

[1] TRO-USA is moving, today, before the Honorable Joseph A. Dickson, U.S.M.J., pursuant to Rule 72.1(c)(1)(B), L.Civ.R., for a Stay of the Magistrate Judge's Order compelling TRO-USA to seek a specific license from the Office of Foreign Assets Control, Department of Treasury (hereinafter "OFAC"), pending the outcome of this Motion to Reconsider.   *See* Motion to Stay Magistrate Judge's March 10, 2011, Order, attached to the White Declaration as Exhibit 2.

31 (Aug. 26, 2010).  The order, that is the subject of this motion for reconsideration is a motion to compel discovery, which is a non-dispositive motion.  *Wachtel v. Guardian Life Ins. Co.*, 232 F.R.D. 213, 216-17 (D.N.J. 2005). As a non-dispositive motion, TRO-USA may move for reconsideration before the District Court pursuant to 28 U.S.C. §636(b)(1)(A) within 14 days of being served with the Magistrate Judge's Order.  *Id.*;  Rule 72(a), Fed.R.Civ.P.;  Rule 72.1(c)(1)(A), L.Civ.R.  Accordingly, this matter is properly before the District Court.

The standard for reviewing a Magistrate Judge's Order on a non-dispositive motion is that the order is clearly erroneous or contrary to law.  §636(b)(1)(A); *Wachtel*, 232 F.R.D. 216-217 (*citing Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 111, 1113 (3d Cir. 1986).  A finding is clearly erroneous when "although there is some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mutual Liab. Ins. Co.,* 131 F.RD. 63,65 (D.N.J. 1990) (*quoting United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *South Seas Catamaran, Inc. v. M/V Leeway,* 120 F.R.D. 17, 21 (D.N.J.1988).

A ruling is contrary to law if the Magistrate Judge misinterpreted or misapplied applicable law.  *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d

3

162, 164 (D.N.J. 1998);  *Bobian v. CSA Czech Airlines*, 222 F.Supp.2d 598, 601

(D.N.J. 2002) *aff'd* 93 Fed.Appx. 406 (3d Cir. 2004).

 Under either standard, this Court should vacate the Order of the Magistrate

Judge.

**A.** ***The Magistrate Judge's Findings***

 TRO-USA opposed Plaintiffs' request for discovery on the ground that it

did not control the documents that had been seized by the FBI.  The Magistrate

Judge stated that the law of this Circuit defines "control" as the legal right or

practical ability to obtain documents on demand.  Pursuant to this definition, the

Magistrate Judge correctly held that TRO-USA does *not* control the seized

documents.  *See Gerling*, 839 F.2d at 140;  *Camden Iron and Metal, Inc. v.*

*Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991);  *Societe*

*Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*,

357 U.S. 197, 204 (1958) (a court may not find the responding party controls the

demanded documents if the documents "have been taken into the actual possession

of a third person not controlled by the party ordered to produce, and without that

party's complicity").

 The Magistrate Judge next considered, despite TRO-USA lacking

possession, custody, or control of the documents, whether the Court still possessed

authority to enter an Order to compel.  Finding that the position of TRO-USA is

unique, and that in these circumstances the continued titular ownership of the

documents was important, the Magistrate Judge held that it possessed the authority

to compel TRO-USA to apply to OFAC for a specific license to obtain access to

the documents.  The Magistrates Judge's ruling was based on (1)  its right to

control the Court's docket;  and, (2)  its obligation to ensure the parties have all

necessary information to proceed in an action.

**B.**   ***TRO-USA Lacks Possession, Custody, or Control,***
***of the Demanded Discovery Documents Therefore***
***Cannot Be Compelled to Produce the Documents***

Plaintiffs moved, pursuant to Fed.R.Civ.P. 37, for an order to compel TRO-

USA to seek a license from OFAC for access to the documents seized by the FBI.

Plaintiffs conceded in their Motion to Compel that TRO-USA lacked possession

or custody of the seized documents, but argued that TRO-USA retained control

over the documents because it owned the documents and could request them from

OFAC.  Motion to Compel at 2-5.  TRO-USA opposed the motion on the basis

that the documents were not in its  "possession, custody, or control."  Rule

34(a)(1), Fed.R.Civ.P. , Opposition Brief at 6.

After careful review of the submissions of both parties and analysis of the

applicable case law, the Magistrate Judge held that TRO-USA lacked possession,

5

custody, or control of the documents demanded in discovery.  That should have been the end of the matter, because when a court finds that the responding party lacks possession, custody, or control, the motion to compel must be denied. *Insignia Systems, Inc. v. Edelstein*, Civ. Action No. 09-4619 (AET), 2009 WL 3521796, *4 (D.N.J. 2009).

Indeed, if a court compels discovery, such an order is invalid if the records required to be produced are not in the "possession or under the control of the person" subject to the order.  *See United States v. Howard*, 360 F.2d 373, 381-382 (3d Cir. 1966).  As the Third Circuit has held, "[i]n the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce."  *Gerling*, 839 F.2d at 140.

However, rather than deny Plaintiffs' motion because Plaintiffs had not established that TRO-USA had control of the requested documents, the Magistrate Judge, based on its "inherent authority," granted the motion because TRO-USA maintains titular ownership of the documents.  In so doing, the Magistrate Judge erred because ownership does not connote control of the documents, and the Magistrate Judge does not possess "inherent authority" to compel discovery outside of the Federal Rules of Civil Procedure.  *Societe Internationale*, 357 U.S.

6

at 207;  *Pickel v. United States*, 746 F.2d 176, 185 n. 8 (3d Cir. 1984).  As a result, the order of the Magistrate Judge is both clearly erroneous and contrary to law.

Also, in their Motion to Compel, Plaintiffs cited *Reeves v. Penn. R. Co.*, 80 F.Supp. 107, 109 (D. Del. 1948), for the proposition that ownership equates to control for purposes of Rule 34 discovery.  Motion to Compel at 5.  However, as set forth in the Response Brief at 7-8, *Reeves* and its progeny are inapposite. Those cases are limited to their particular facts – the question of individual tax returns – because, as the court in *Reeves* stated, "a taxpayer alone has the right to inspect filed returns and obtain copies thereof," and for that reason "the taxpayer retains such a potential right to the custody or control of the copies [of the tax returns] as to require production of such copies."  *Reeves*, 80 F.Supp. at 109. Here, in dispositive contrast, *OFAC* controls the right to access and copy the documents.

The Magistrate Judge's broad ruling – that ownership of documents outside of the party's control requires production of the documents – is not supported either by the law of this Circuit or the Federal Rules of Civil Procedure. Accordingly, the Order is clearly erroneous, and should be vacated.

Moreover, the Magistrate Judge stated that its ruling was based on its inherent authority to "[e]xercis[e] general supervision of the civil calendars of the

Court[.]"  Rule 72.1(a)(3)(A), L.Civ.R.  However, the Magistrate Judge did  not

cite a basis for its "inherent authority," a claim Plaintiffs had asserted pursuant to

*Kumpf  v. C. I. R.*, 682 F.2d 67, 71 (3d Cir. 1982).  Motion to Compel at 6.

However, as the Third Circuit acknowledged in *Kumpf*, the Supreme Court

specifically addressed and *rejected* the argument that a court possesses inherent

authority to impose a discovery sanction.  *Id*., at 71 (*citing Societe Internationale*,

357 U.S. at  207).  The Third Circuit subsequently affirmed that Rule 37 is the

"*exclusive source* of sanctions for violations of discovery orders."  *Pickel*, 746

F.2d at 185 n. 8 (emphasis added).  Likewise the Magistrate Judge lacks authority,

outside of the Rules of Civil Procedure, to compel production of discovery.

As discussed **ante**, the Magistrate Judge concluded that TRO-USA lacked

possession, custody, or control of the documents.  In that context, the precedent

from the Third Circuit and this District is clear:  if the responding party lacks

possession, custody, or control, there is no duty to produce, and the Court may not

order it to produce.  *Gerling*, 839 F.2d at 140.  Moreover, the Rules of Civil

Procedure are the "exclusive source" of authority in discovery matters.  *Pickel*,

746 F.2d at 185 n. 8.

Accordingly, because a "mistake has been committed," the Magistrate

Judge's order is clearly erroneous and must be reversed.  *Dome Petroleum Ltd.*,

8

131 F.RD. at 65.  In addition, the order is contrary to law because the Magistrate

Judge "misinterpreted or misapplied applicable law."  *Gunter*, 32 F.Supp.2d at

164.

### Conclusion

For all the foregoing reasons, the reasons set forth in TRO-USA's

Opposition to Plaintiffs' Motion to Compel, and oral argument on the Motion to

Compel, TRO-USA respectfully requests that this Court reverse the Magistrate

Judge's March 10, 2011, order, and for all other relief it deems just and necessary.

Dated: March 22, 2011
New York, New York

            Respectfully submitted,

            JOSHUA L. DRATEL, P.C.

            By:   s/Stuart A. White
                    Stuart A. White
                    JOSHUA L. DRATEL, P.C.
                    2 Wall Street, 3rd Floor
                    New York, New York 10005
                    (212) 732-0707
                    swhite@joshuadratel.com

                    *Attorneys for Defendant*
                    *Tamil Rehabilitation*
                    *Organization-USA*

– Of Counsel –
Joshua L. Dratel
Alice L. Fontier
Stuart A. White

Joshua L. Dratel (admitted *pro hac vice*)
Alice L. Fontier (admitted *pro hac vice*)
Stuart A. White
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707 (telephone)
(212) 571-3792 (facsimile)

*Attorneys for Defendant*
*Tamil Rehabilitation Organization*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------- :
KARUNAMUNIGE CHAMILA : Civil Action No. 2:09-cv-05395
KRISHANTHI, et al., : (DMC)(JAD)
: 
            Plaintiffs, : DECLARATION IN SUPPORT
: OF DEFENDANT TAMIL
        v. : REHABILITATION
: ORGANIZATION'S MOTION
RAJAKUMARA RAJARATNAM, : FOR RECONSIDERATION
JESUTHASAN RAJARATNAM,
and TAMIL REHABILITATION :
ORGANIZATION, : Motion Date: April 18, 2011
: 
            Defendants. :
---------------------------------------------- :

Stuart A. White, Esq., pursuant to 28 U.S.C. §1746, hereby affirms under

penalty of perjury:

1.  I am an attorney, and I represent defendant Tamil Rehabilitation

1

Organization (hereinafter "TRO-USA") in the above-captioned case.  I make this Declaration in support of TRO-USA's Motion for Reconsideration of the March 10, 2011, Magistrate Court's Order Compelling TRO-USA to Produce Discovery.

2.  As detailed in the accompanying Memorandum of Law, TRO-USA moves for reconsideration of this action because (1)  the March 10, 2011, Order of the Magistrate Judge is clearly erroneous and contrary to law, because the Magistrate Judge found TRO-USA lacked possession, custody, or control, over documents the Plaintiffs demanded in discovery, yet, pursuant to the Magistrate Judge's "inherent authority" it nonetheless ordered TRO-USA to produce discovery.

3.  Counsel for Defendant TRO-USA, in a March 21, 2011, telephone call with counsel for Plaintiffs, John M. Eubanks, Esq., has learned Plaintiffs do not consent to this motion and will oppose this motion.

4.  Attached as Exhibits to this Declaration, and discussed in TRO-USA's accompanying Memorandum of Law, are the following:

(a)    Exhibit 1:  the Magistrate Judge's March 10, 2011, Order;

(b)    Exhibit 2:  TRO-USA's Motion to Stay the Magistrate Judge's March 10, 2011, Order, pending resolution of this Motion for Reconsideration;

2

WHEREFORE, it is respectfully requested that the Court grant TRO-USA's

Motion for Reconsideration.

I declare under penalty of perjury that the foregoing is true and correct to

the best of my knowledge and belief.  28 U.S.C. §1746.

DATED:      March 22, 2011
            New York, New York

                                    s/ Stuart A. White          
                                    Stuart A. White
                                    JOSHUA L. DRATEL, P.C.
                                    2 Wall Street, 3rd Floor
                                    New York, NY 10005
                                    (212) 732-0707
                                    swhite@joshuadratel.com

                                    *Attorneys for Defendant*
                                    *Tamil Rehabilitation Organization*

Joshua L. Dratel (admitted *pro hac vice*)
Alice L. Fontier (admitted *pro hac vice*)
Stuart A. White
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707 (telephone)
(212) 571-3792 (facsimile)

*Attorneys for Defendant*
*Tamil Rehabilitation Organization*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------- :

KARUNAMUNIGE CHAMILA     :     Civil Action No. 2:09-cv-05395
KRISHANTHI, et al.,              :     (DMC)(JAD)
                                :

        Plaintiffs,          :     [PROPOSED] ORDER
                                :     GRANTING MOTION
        v.               :     FOR RECONSIDERATION
                                :

RAJAKUMARA RAJARATNAM,     :
JESUTHASAN RAJARATNAM,      :
and TAMIL REHABILITATION      :     Motion Date: April 18, 2010
ORGANIZATION,                :
                                :

        Defendants.       :
                                :

-------------------------------------------- :

      WHEREAS, this matter having been opened to the Court by counsel for

Defendant Tamil Rehabilitation Organization (hereinafter "TRO-USA") by way of

a motion for reconsideration of a Federal Magistrate Judge's Order dated March

1

10, 2011, on notice to Jason E. Macias, Esq., Lite DePalma Greenberg LLC, Two

Gateway Center, 12th Floor, Newark, New Jersey 07102, and John Eubanks, Esq.,

Motley Rice LLC, 28 Bridgeside Boulevard, P.O. Box 1792, Mount Pleasant,

South Carolina 29465, counsel for plaintiffs;  Heather J. Pellegrino, Esq.,  and

Christopher M. Mikson, Esq., Akin Gump Strauss Hauer & Feld LLP, 1333 New

Hampshire Ave., NW, Washington, D.C. 20036-1564, John J. Gibbons, Esq., and

Thomas R. Valen, Esq., Gibbons, P.C., One Gateway Center, Newark, New Jersey

07102, counsel for the Defendants Rajakumara Rajaratnam and Jesuthasan

Rajaratnam:

WHEREAS, the Court having considered all briefs and supporting papers

submitted on behalf of the parties, having heard oral argument of the parties, in

consideration of the written and oral submissions of the parties, and for good

cause shown:

IT IS on this _____ day of _____, 2011, hereby:

ORDERED that the Defendant's Motion for Reconsideration is GRANTED.


_____
Dennis M. Cavanaugh
United States District Court Judge

2

Joshua L. Dratel (admitted *pro hac vice*)
Alice L. Fontier (admitted *pro hac vice*)
Stuart A. White
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707 (telephone)
(212) 571-3792 (facsimile)

*Attorneys for Defendant*
*Tamil Rehabilitation Organization*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| -------------------------------------------- | : | |
| KARUNAMUNIGE CHAMILA | : | Civil Action No. 2:09-cv-05395 (DMC)(JAD) |
| KRISHANTHI, et al., | : | |
| | : | |
| Plaintiffs, | : | CERTIFICATE OF SERVICE |
| | : | |
| v. | : | |
| | : | |
| RAJAKUMARA RAJARATNAM, | : | |
| JESUTHASAN RAJARATNAM, | : | |
| and TAMIL REHABILITATION | : | |
| ORGANIZATION, | : | |
| | : | |
| Defendants. | : | |
| -------------------------------------------- | : | |

I, Stuart A. White, Esq., hereby certify that on March 22, 2011, I electronically filed the foregoing (1) *Notice of Motion and Motion for Reconsideration*; (2) *Memorandum of Law in Support of Motion for Reconsideration*; (3) *Declaration of Stuart A. White, Esq., In Support of Motion for Reconsideration*; and, (4) *[Proposed] Order Granting Motion for Reconsideration* electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Joseph J. DePalma
Allyn Z. Lite
Bruce D. Greenberg
Jason E. Macias
Lite DePalma Greenberg, LLC

1

Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000

*Attorneys for Plaintiffs*

Christopher Mark Mikson                    John J. Gibbons
Akin Gump Strauss Hauer & Feld LLP         Thomas R. Valen
1333 New Hampshire Ave., NW                Gibbons, P.C.
Washington, D.C. 20036-1564                One Gateway Center
(202) 887-4404                             Newark, New Jersey 07102-5310
                                           (973) 596-4500

*Attorneys for Defendants Rajakumara Rajaratnam and Jesuthasan Rajaratnam*

And, I hereby certify that on March 22, 2011, I mailed by United States Postal Service a true and correct copy of the foregoing (1) *Notice of Motion and Motion for Reconsideration*; (2) *Memorandum of Law in Support of Motion for Reconsideration*; (3) *Declaration of Stuart A. White, Esq., In Support of Motion for Reconsideration*; and, (4) *[Proposed] Order Granting Motion for Reconsideration* to the following non-CM/ECF Participants:

Michael Elsner
John M. Eubanks
Motley Rice LLC
28 Bridgeside Boulevard,
P.O. Box 1792
Mount Pleasant, South Carolina 29465
(843) 216-9000

*Attorneys for Plaintiffs*

Dated:          March 22, 2011
                New York, New York

                                    s/ Stuart A. White
                                    Stuart A. White
                                    JOSHUA L. DRATEL, P.C.
                                    2 Wall Street, 3rd Floor
                                    New York, New York 10005
                                    (212) 732-0707 (telephone)
                                    (212) 571-3792 (facsimile)

                                    *Attorneys for Defendant*
                                    *Tamil Rehabilitation Organization*

2