NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> RAJAKUMARA RAJARATNAM, *et al.* <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 09-CV-05395 (DMC-JAD) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motions for partial reconsideration of this Court's August 26, 2010 Opinion and Order by Karunamunige Krishanthi, *et al*., ("Plaintiffs") and by Raj Rajaratnam and Jesuthasan Rajaratnam, ("Rajaratnam Defendants") and Tamils Rehabilitation Organization, Inc. ("TRO" or "TRO-USA") (collectively, "Defendants") pursuant to Local R. 7.1. Alternatively, Defendants move for certification for interlocutory appeal pursuant to 28 U.S.C. 1292(b). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, and for the reasons set forth below, it is the decision of this Court that Plaintiffs' and Defendants' respective motions for reconsideration are **denied**, and Defendants' motion for certification of this Court's August 26, 2010 Opinion for interlocutory appeal is also **denied**.

**I.   BACKGROUND**

On August 26, 2010, this Court issued an Opinion and Order granting Defendants' motion

to dismiss as to Count 2 (aiding and abetting acts of terrorism, including specifically suicide bombings and other murderous attacks on innocent civilians intended to intimidate or coerce a civilian population, universally condemned as violations of the law of nations), Count 3 (reckless disregard), Count 4 (negligence), Count 5 (wrongful death), and Count 6 (survival action); denying Defendants' motion to dismiss as to Count 1 (aiding and abetting, intentionally facilitating and/or recklessly disregarding crimes against humanity in violation of international law); and granting in part and denying in part Defendants' motion to dismiss as to Count 7 (negligent and/or intentional infliction of emotional distress).[1]

Plaintiffs' filed a motion asking this Court to reconsider its decision dismissing Count 2. Defendants' filed a motion[2] asking this Court to reconsider its decision denying Defendants' previous motion for dismissal as to Count 1 and Count 7.  Alternatively, Defendants move for certification of this Court's decision for an Interlocutory Appeal.

## II.   MOTIONS FOR RECONSIDERATION

Motions for reconsideration in this district are governed by L. Civ. R. 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Local Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." L. Civ. R. 7.1(i).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

---

[1] Plaintiffs claim for negligent infliction of emotional distress was dismissed, and the claim for intentional infliction of emotional distress survived.

[2] The Rajaratnam Defendants filed a motion for reconsideration, which TRO joined by way of letter brief.

injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

This Court has already considered and rejected Plaintiffs' argument that financing terrorism exists as an independent international norm which presents a cognizable claim under the Alien Tort Statute ("ATS"), and accordingly dismissed Count 2. Likewise, this Court has already considered and rejected Defendants' arguments, and determined that Count 1 and Count 7, in so far as it states a claim for intentional infliction of emotional distress, survive Defendants' motion to dismiss. Nonetheless, Plaintiffs and Defendants are now seeking a different result by recapitulating old arguments. However, reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected. See Russell v. Levi, 2006 WL 2355476 *1-2 (D.N.J. Aug. 15, 2006); Oritani Sav. & Loan Ass'n, 744 F. Supp. at 1314. Such is the case here. The Court has already considered these arguments, and the parties are now improperly asking the court to "rethink what it has already thought through." Oritani Sav. & Loan Ass'n, 744 F. Supp. at 1314. Accordingly, Plaintiffs' and Defendants' motions for partial reconsideration are **denied**.

### III.   MOTION FOR INTERLOCUTORY APPEAL

Pursuant to 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise non-appealable order if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate. The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

Interlocutory appeals are "used sparingly" and only in "exceptional cases." Hulmes v. Honda Motor Co. Ltd., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998). "The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Morgan v. Ford Motor Co., 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996)). The decision whether or not to grant certification is entirely within the district court's discretion, and "even if all three criteria under Section 1292(b) are met, the district court may still deny certification." Id. (citing Swint v. Chambers County Com'n, 514 U.S. 35, 47 (1995); Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976)).

An interlocutory appeal "is not designed for review of factual matters but addresses itself to a 'controlling question of law.'" Link v. Mercedes-Benz of N. Amer., Inc., 550 F.2d 860, 863 (3d

Cir. 1977); see also In re Schering-Plough Corp., 2010 WL 2546054, at *3-4 (D.N.J. June 21, 2010). "This Court has previously determined that '[c]ertification to appeal the interlocutory Order is inappropriate when the underlying order involve[s] mixed questions of fact and law because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court.'" Id. (citing Steel Partners II, L.P. v. Aronson, 2006 WL 3782656, at *2 (D.N.J. Dec.22, 2006)). Here, Defendants challenge the sufficiency of the facts alleged, and the application of the legal standard to the facts at issue; thus, Defendants' argument by necessity involves an interplay of facts and law, and such matters are within the discretion of this Court. Therefore, Defendants have not established that this Court's Opinion exclusively concerns controlling questions of law.

Since the Defendants failed to demonstrate there is a controlling issue of law, and all three requirements must be satisfied to certify an issue for appeal, this Court need not address the remaining requirements. Accordingly, Defendants' motion for certification for interlocutory appeal is **denied**.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial reconsideration is **denied**; Defendants' motion for partial reconsideration is **denied**; and Defendants' motion to certify this Court's Opinion for an interlocutory appeal is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:       May  18 , 2011
Original:    Clerk
cc:          All Counsel of Record
             Hon. J.A. Dickson, U.S.M.J.
             File