NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> RAJAKUMARA RAJARATNAM, *et al.* <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 09-CV-05395 (DMC-JAD) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon a second motion to dismiss by Defendant Tamils Rehabilitation Organization, Inc. ("TRO-USA" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, and for the reasons set forth below, it is the decision of this Court that Defendant's motion is **denied**.

I.  **BACKGROUND**[1]

TRO-USA was incorporated in 1994 under the laws of Maryland. In its August 26, 2010 Opinion, this Court granted TRO-USA's motion to dismiss in part and dismissed several counts of Plaintiffs' Complaint. However, this Court denied TRO-USA's motion to dismiss with regard to Count One,[2] which alleges TRO-USA is liable, pursuant to the Alien Tort Statute ("ATS") for the

---

[1] These facts were taken from the parties' respective submissions.

[2] This Court also denied TRO-USA's motion to dismiss with regard to Count Seven (intentional infliction of emotional distress), but that Count is not at issue here.

deaths and injuries caused by five specific bombings by the Liberation Tamil Tigers Eelam ("LTTE") that occurred in Sri Lanka in 2007 and 2008. The Complaint alleges that TRO-USA is directly responsible for those bombings because it allegedly functioned as a "front group" for the collection of funds for the LTTE. In denying TRO-USA's motion to dismiss Count One, this Court considered whether a corporation could be sued under the ATS, and found that corporate liability does in fact exist.

## II. DISCUSSION

TRO-USA has moved a second time to dismiss Count One of the Complaint, arguing that this Court lacks subject matter jurisdiction because a corporation cannot be liable under the ATS.[3] TRO-USA's entire argument is based on the recent Second Circuit decision in Kiobel, et al. v. Royal Dutch Petroleum, et al., 621 F.3d 111 (2d Cir. 2010), which came down after this Court's August 26, 2010 Opinion. In Kiobel, the Second Circuit held that the scope of liability under the ATS does not extend to corporations. Id. at 145.

In response, Plaintiff puts forth several arguments as to why the Second Circuit's decision in Kiobel is flawed and incorrect. However, it is not up to this Court to determine the soundness of the Second Circuit decision, nor does this Court have any reason to address such issues. The Kiobel decision is not binding on this Court, and at most it represents a circuit split on the issue of corporate liability under the ATS.

This Court previously considered and rejected TRO-USA's argument that corporate liability

---

[3] Plaintiffs challenge the propriety of the instant motion, and argue that the issue of whether corporate liability is available under the ATS is a merits-based question, not one of subject matter jurisdiction. For the purposes of the instant motion, this Court assumes, without deciding, that the issue is properly considered on a motion to dismiss for lack of subject matter jurisdiction.

is unavailable under the ATS. Despite TRO-USA's urging, this Court is not persuaded that it must now find there is no corporate liability under the ATS simply because that was the result reached by the Second Circuit. In its previous Opinion, this Court stated: "In the absence of Third Circuit precedent, in accordance with the Second Circuit Court of Appeals and the Eleventh Circuit Court of Appeals, this Court concludes that to the extent private individuals are subject to liability under the ATS, corporations are equally subject to liability." At the outset, it is worth noting that the Second Circuit precedent this Court relied on dealt with the issue of individual liability, and the Eleventh Circuit precedent was on the issue of corporate liability. Regardless, as noted above, the Kiobel decision represents a circuit split and does not invalidate the Eleventh Circuit's finding that corporate liability exists under the ATS. TRO-USA would have this Court disregard the Eleventh Circuit decisions affirming corporate liability under the ATS because, in TRO-USA's view, the Eleventh Circuit "has not conducted a careful analysis" of the issue, but this Court is wholly unconvinced.

### III. CONCLUSION

In sum, TRO-USA has not persuaded this Court that its prior decision regarding corporate liability under the ATS should be reversed. Accordingly, TRO-USA's motion for dismissal for lack of subject matter jurisdiction is **denied**. An appropriate Order accompanies this Opinion.

 Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Dated: June  30 , 2011  
Original: Clerk  
cc: All Counsel of Record  
       Hon. J.A. Dickson, U.S.M.J.  
       File