NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al.*, | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action No. 09-CV-5395 (DMC)(MF) |
| RAJAKUMARA RAJARATNAM, JESUTHASAN RAJARATNAM and TAMILS REHABILITATION ORGANIZATION, INC., | : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion for Reconsideration by Tamils Rehabilitation Organization, Inc. ("TRO") in accordance with Local Civ. R. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court that TRO's Motion for Reconsideration is **denied.**

**I.    BACKGROUND**[1]

On December 16, 2009, Defendants Rajakumara and Jesuthasan Rajaratnam filed a Motion to Dismiss the Complaint filed by Plaintiffs in this Court on October 22, 2009.  (ECF No. 23).  On

---

[1] These facts have been adopted from the parties' respective Court submissions and Orders and Opinions from the Court.

1

March 12, 2010, Defendant TRO filed a Motion to Dismiss the same. (ECF No. 35). On August 26, 2010, this Court, considering the motions jointly, denied in part and granted in part. (ECF No. 48). Additionally, this Court reserved judgment as to the issue of personal jurisdiction over Defendant TRO, pending the conclusion of jurisdictional discovery. Id. Plaintiffs served such jurisdictional discovery on Defendant TRO on September 21, 2010 including production of documents that were seized by the Office of Foreign Assets Council ("OFAC").[2] (Order to Compel 2, March 10, 2011, ECF 81). Documents were seized by OFAC pursuant to TRO's categorization as a Specially Designated Global Terrorist ("SDGT"). (Br. in Opp'n 1, Apr. 4, 2011, ECF No. 89). Magistrate Judge Dickson issued an Order compelling TRO to obtain access to those documents for jurisdictional discovery purposes. (Order to Compel 2-3).

Defendant TRO now moves for Reconsideration of the Magistrate Judge's Order which followed this Court's reservation of judgment on the personal jurisdiction issue and sought to further the engagement in jurisdictional discovery ordered by this Court.

## II.   STANDARD OF REVIEW

A Motion for Reconsideration shall be served and filed within fourteen days after the entry of the Order on the original motion by the Magistrate Judge. Local Civ. R. 7.1(i) (2010). The

---

[2]OFAC, of the United States Department of the Treasury, administers and enforces economic and trade sanctions based on United States foreign policy and national security goals against targeted foreign terrorists and other threats to the national security, foreign policy or economy of the United States. OFAC's authority derives from Presidential national emergency powers and specific legislation and is based on United Nations and other international mandates. U.S. DEPARTMENT OF TREASURY, Office of Foreign Assets Control, http://www.treasury.gov/about/organizational-structure/offices/Pages/Office-of-Foreign-Assets-Control.aspx (last visited Oct. 13, 2011).

moving party is to raise the matter or controlling decisions which the party believes the Magistrate Judge has overlooked in its brief.  Id.  A Motion for Reconsideration shall be granted if the Magistrate Judge made a finding that is contrary to law or clearly erroneous.

> A finding is contrary to law if the [M]agistrate [J]udge has misinterpreted or misapplied applicable law. A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed.

Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

**The authority to control discovery is granted by Fed. R. Civ. P. 16(c)(2)(F) (2007) ("Rule 16"). Orders issued by the Court to control discovery are guided under the "Sanctions" subheading and are reviewed under the abuse-of-discretion standard.  Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976).**

**III.   DISCUSSION**

**Defendant's Motion for Reconsideration was filed within fourteen days after the entry of the Order.[3] (Mot. for Recons., Mar. 22, 2011, ECF No. 81).  However, Defendant fails to persuade this Court that action on the part of the Magistrate Judge was contrary to law or clearly erroneous.  Further, the Order is within the Magistrate Judge's authority pursuant to Rule 16.**

**The cases Defendant raises for the proposition that applicable law was misinterpreted or misapplied are factually distinguishable from the instant case.  Defendant correctly states**

---

[3]The Magistrate Judge's Order was filed March 10, 2011.  Defendant's Motion for Reconsideration was filed twelve days later on March 22, 2011.

3

that "control" of a document involves and necessarily includes the legal right or practical ability to obtain documents on demand. Camden Iron and Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438, 441 (D.N.J. 1991). However, the discovery documents under compulsion orders in the cases cited by Defendant and the discovery documents in this case are not similarly situated. Firstly, in Camden Iron and Metal, the Magistrate Judge held that a subsidiary did not exercise control over documents in the possession of the parent company. No subsidiary-to-parent-company relationship exists here. Second, Societe Internationale involved bank documents that were potentially protected under Swiss law.[4] Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 204 (1958) (where the Supreme Court held that bank records were within a holding company's control but were justifiably not produced due to potential for violation of Swiss laws).

Further, Defendant characterizes several cases to conclude that documents outside of the "control" or physical possession of a party are beyond the reach of the Magistrate Judge's Motion to Compel. However, Defendant states the proposition too broadly. Indeed, control is a pertinent factor in determining the reasonableness of a Motion to Compel, but here the documents are owned by the Defendant and were seized by a Department of the Government. They are not outside of Defendant's reach. Moreover, Defendant fails to give good reason as to why it is unable to seek a license, as ordered, to obtain the seized documents; especially considering it has already conceded ownership. (Motion for Reconsideration 6).

The Magistrate Judge found that the documents being sought "were and are the

---

[4]The Supreme Court discussed the "intricate issue of international law" as explicit congressional policies inviting efforts to place American assets in persons or firms whose sovereign assures secrecy, such as Swiss banks.

corporate documents of TRO." (Hr'g Tr. 7:8-9, Mar. 10, 2011, ECF No. 86). Furthermore, Defendant concedes that it owns the documents at issue. (Mot. for Recons. 6). Defendant's arguments related to their lack of control over the documents are not persuasive here. Upon review of the Order and matters and decisions raised by Defendant, this Court finds no mistake of law or clearly erroneous action on the part of the Magistrate Judge. Finally, Defendant has failed to demonstrate that the Magistrate Judge abused discretion in compelling Defendant to obtain access to documents of its own that were seized by the Government.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration of Magistrate Judge Dickson's Order to compel production of documents for jurisdictional discovery is denied. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:      October  17 , 2011
Original:  Clerk's Office
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File