NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al*., | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : : | **OPINION** |
| v. | : : : | Civil Action No. 09-CV-5395 (DMC)(MF) |
| RAJAKUMARA RAJARATNAM, JESUTHASAN RAJARATNAM and TAMILS REHABILITATION ORGANIZATION, INC., | : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Tamils Rehabilitation Organization, Inc. (hereinafter, "TRO-USA" or "Defendant") Motion for Certificate of Appealability (ECF No. 96). Following the Motion, TRO-USA filed a letter notifying this Court that an issue essential to the matter on which appeal is sought, is set for hearing before the Supreme Court of the United States at the end of this month. Pursuant to the information in that letter and for the foregoing reasons, this Court hereby **holds in abeyance** the Motion for Certificate of Appealability filed by Defendant TRO-USA.

**I.    BACKGROUND**

Defendant TRO filed a Second Motion to Dismiss the Alien Tort Statute ("ATS") Count in Plaintiff's Complaint on November 23, 2010. (Pl.'s Compl. ¶ 14, Oct. 22, 2009, ECF No.1.) TRO-USA contended, in the Second Motion to Dismiss, that liability under the ATS would not attach

because TRO-USA is a corporation and not an individual. (Mot. to Dismiss 3-6, Nov. 23, 2011, ECF No. 60.) For support, TRO-USA cited the Second Circuit Opinion of Kiobel v. Royal Dutch Petroleum, 621 F.3d 111 (2d Cir.2010), and discussed the case at length. See Mot. to Dismiss 3-6. On October 17, 2011, a petition for writ of certiori in the United States Supreme Court was granted on appeal of the Second Circuit's decision in Kiobel.

The Circuit Courts are divided on the issue of whether liability under the ATS attaches to corporations. The Eleventh Circuit presents an opposite view to that of the Second Circuit. The Eleventh Circuit cited binding precedent within the Circuit and the absence of an express exception for corporations in the statute itself to support its finding that the ATS grants jurisdiction from complaints of torture against corporate Defendants. Romero v. Drummond Co. Inc., 552 F.3d 1303, 1315 (11th Cir.2008). This Court denied Defendant's Second Motion to Dismiss on June 30, 2011 (hereinafter, the "June 30th Opinion") noting the Circuit split and the absence of Third Circuit precedent on the issue. (Op. 3, June 30, 2011, ECF No. 94.)

TRO-USA then filed their Motion for Certificate of Appealability (hereinafter, "Motion") of the June 30th Opinion. (July 11, 2011, ECF No. 96.) The Motion is currently pending before this Court. TRO-USA states that oral argument is set before the Supreme Court on February 28, 2012 in the Kiobel case.[1] (Pl's Letter 1, Jan. 30, 2012, ECF No. 108.) TRO-USA contends that this Court should hold the Motion in abeyance until after the Supreme Court hands down a decision in Kiobel.[2]

---

[1] Thirty one amicus briefs have been filed in the case by parties including the American Federation of Labor and Congress of Industrial Organizations, the Yale Law School Center for Global Legal Challenges and the Harvard Law School International Human Rights Clinic.

[2] It is speculated, given prior patterns, by no certain means, that a decision would be handed down in June of this year.

**II.     STANDARD OF REVIEW**

District Courts in New Jersey have reserved judgment pending United States Supreme Court decisions where disposition of the matter can be expected to apply to the issue upon which a motion before the Court depends.  See Hamar Theaters Inc. v. Cryan, 390 F.Supp. 510, 512 (D.N.J. 1974). Unless the Court finds that the expected Supreme Court decision would affect matters which were the specific subjects of the Complaint with which this Court dealt, reserving is not appropriate.  Id.

**III.    DISCUSSION**

In TRO-USA's Second Motion to Dismiss, the corporation alleged that Plaintiff's arguments under the ATS failed to state a claim for relief because liability could not attach to corporations under the Statute.  TRO-USA relied heavily on the Kiobel holding for support.  The issue of corporate liability under the ATS is the issue underlying this Court's June 30th Opinion denying the Motion to Dismiss, the issue presented to the Supreme Court for oral argument on February 28, 2012, and the issue TRO-USA would submit on appeal from this Court if granted a Certificate of Appealability.  The Supreme Court has exhibited the question presented for argument in Kiobel,

> Whether corporations are immune from tort liability for violations of the law of nations such as torture, extrajudicial executions or genocide, as the court of appeals decisions provides [sic], or if corporations may be sued in the same manner as any other private party defendant under the ATS for such egregious violations, as the Eleventh Circuit has explicitly held.[3]

In the absence of Third Circuit precedent and considering the Circuit split on the issue at the crux of TRO-USA's appeal from this Court's Opinion, it is prudent to await the Supreme Court's provision of binding precedent on this point of law.  This Court finds no favor in reviewing the Motion for Certification of Appealability now, before the Supreme Court's decision, especially

---

[3] Supreme Court Docket, Kiobel v. Royal Dutch Petroleum, No. 10-1491, http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-1491.htm (Accessed Feb. 9, 2012).

where the moving party themselves requests that this Court await the Supreme Court decision.[4]

**IV.  CONCLUSION**

For the foregoing reasons, this Court will **hold in abeyance** TRO-USA's Motion for a Certificate of Appealability, hereby administratively terminating the Motion (ECF No. 96). Following the Supreme Court's decision in <u>Kiobel</u>, TRO-USA is directed to properly move for relief or, in the alternative, renew its pursuit of a Certification of Appealability by motion. An appropriate Order accompanies this Opinion.

                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Date:            February  14 , 2012
Original:        Clerk's Office
cc:              Hon. Mark Falk, U.S.M.J.
                 All Counsel of Record

---

[4] Despite Plaintiff's contention that TRO-USA seeks a stay of all pending litigation in this matter, this Court reads TRO-USA's letter to specifically request only that this Court hold in abeyance its Motion for Certificate of Appealability. (Def.'s Letter Resp. 1, Feb. 6, 2012, ECF No. 109.)