

www.motleyrice.com

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**John M. Eubanks**
*Licensed in MD & SC*
direct:  843.216.9218
JEubanks@motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

September 2, 2016

**VIA CM/ECF**

Honorable Joseph A. Dickson
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: *Krishanthi, et al. v. Rajaratnam, et al.*, No. 2:09-cv-05395-JLL-JAD (D.N.J.)

Dear Judge Dickson:

  It is not Plaintiffs' desire to engage in a letter-writing campaign in advance of the conference scheduled with the Court on September 6, 2016; however, we believe a response to the Defendants' September 1 Letter (ECF No. 245) is necessary.  First, Plaintiffs' counsel are not in possession of Anonymous Witness 1's physical contact information – i.e., where he resides or works.  The witness has safeguarded this information due to his fear of physical reprisals.  Nevertheless, an investigator hired by Plaintiffs' counsel was able to communicate with Anonymous Witness 1 and arranged for Plaintiffs' counsel to meet with this witness previously in Sri Lanka, and the witness is willing to voluntarily provide testimony in this case.

  Because Plaintiffs' counsel did not have a direct connection with this witness due to his personal reticence, and to provide a contact avenue for defense counsel to perform their investigation of the witness, we sought to facilitate the hiring of an attorney in Sri Lanka who would protect the witness' interests while also providing a direct line of communication for defense counsel to the witness.  In our August 23, 2016 letter (ECF No. 239), we informed the Court that we had provided Defendants with the witness' counsel's information in Sri Lanka to permit the Defendants to conduct their investigation.  This was done the same day that we were informed that the Sri Lankan attorney was willing to undertake the representation.  This information included both the e-mail address and phone number of the attorney.  We could not provide this information until we received notice from counsel that he would be undertaking the representation.  Once this notice was received, we informed Defendants and sent a letter with counsel's contact information.

MT. PLEASANT, SC | PROVIDENCE, RI | HARTFORD, CT | NEW YORK, NY | WASHINGTON, DC
MORGANTOWN, WV | CHARLESTON, WV | NEW ORLEANS, LA | KANSAS CITY, MO



Hon. Joseph A. Dickson
*Krishanthi v. Rajaratnam*, No. 2:09-cv-05395-JLL-JAD
September 2, 2016
Page 2

We note that it was Defendants' suggestion that the witness have his own attorney through whom communication could flow. But now that this has come to fruition, Defendants continue to seek to harass and question Plaintiffs' investigators in Sri Lanka – referring to them as "middlemen" rather than what they are, Plaintiffs' hired investigators. As this Court has recognized, absent a showing of exceptional circumstances, Defendants are simply not entitled to this information, and they have made no such showing. Counsel is well aware that these individuals – as hired investigators – are Plaintiffs' agents in the course of this litigation. Any intimation that this has been disavowed is patently false.

The Defendants also take issue with the fact that Plaintiffs did not provide them with e-mail and phone number information for a witness that was included in Plaintiffs' initial discovery responses and whose address information in Colombo, Sri Lanka was provided to Defendants under the Attorneys' Eyes Only provision of the Discovery Confidentiality Order in this case in a letter dated November 25, 2015. At defense counsel's request, this correspondence was subsequently e-mailed on January 7, 2016. As the Court may recall, the contact information for this witness in particular was a subject of discussion in a conference held in Chambers on October 7, 2015 which necessitated the amendment to the Discovery Confidentiality Order that the Court entered on October 16, 2015. *See* ECF No. 215.

From January 7, 2016 until their letter to Plaintiffs dated August 24, 2016, the Defendants never specifically sought additional information nor did they attempt to contact the witness at the address that was provided. In their August 24, 2016 correspondence, the Defendants asked for Plaintiffs' counsel to provide them with all information in our possession for this witness. We immediately sought the witness' permission to disclose this information as he also has fear of reprisals as he served as a Confidential Witness for the United States Government in its investigation into the LTTE network in the United States. Once his permission was obtained, we provided this information to defense counsel. Notwithstanding the provision of this information at the request of defense counsel, Defendants subsequently publicly published the home phone number and e-mail address of this third-party witness on the Court's docket. At Plaintiffs' request, Defendants succeeded in having the document sealed by the Clerk's Office last night.

Plaintiffs believe the conference currently scheduled for next Tuesday is unnecessary given that Defendants have been provided contact information for Anonymous Witness 1's counsel in Sri Lanka and all contact information in Plaintiffs' possession for their other third-party witness in Sri Lanka. Nevertheless, Defendants seek additional disclosure of the identity of Plaintiffs' hired investigators without any showing of exceptional circumstances. To the extent that Defendants seek to undertake an investigation of Plaintiffs' third-party witnesses, it is Plaintiffs' position that Defendants have all of the information necessary to do so, and they are not entitled to disclosure of Plaintiffs' investigators who are their agents. Defendants' use of the word "middlemen" does not somehow convert them into something other than Plaintiffs' hired



Hon. Joseph A. Dickson
*Krishanthi v. Rajaratnam*, No. 2:09-cv-05395-JLL-JAD
September 2, 2016
Page 3

investigators, and Defendants have not met their burden to demonstrate exceptional circumstances to require the disclosure of their identities.

    While Plaintiffs believe the September 6, 2016 conference is unnecessary, they nevertheless look forward to presenting these issues to the Court should Your Honor so desire on that date.

                                        Respectfully submitted,

                                        John M. Eubanks

Cc:    All counsel of record (via CM/ECF)