Thomas R. Valen
William P. Deni, Jr.
Steven G. Sanders
**GIBBONS P.C.**
One Gateway Center
Newark, N.J. 07102-5310
(973) 596-4500 (telephone)
(973) 596-0545 (facsimile)

Samidh Guha
**JONES DAY**
250 Vesey Street
New York, New York 10281-1047
sguha@jonesday.com
Telephone: (212) 326-3721
Facsimile: (212) 755-7306

*Attorneys for Defendants Raj Rajaratnam
and Estate of J.M. Rajaratnam*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>RAJAKUMARA RAJARATNAM, *et al.*,<br><br>        Defendants. | Civil Action No. 2:09-cv-05395-JLL-JAD<br><br>*Electronically Filed*<br><br>**DECLARATION OF WILLIAM P. DENI, JR., IN SUPPORT OF MOTION TO SEAL** |

I, **WILLIAM P. DENI, JR.**, declare as follows under penalty of perjury:

I am an attorney-at-law admitted to practice in New Jersey, and a Director at the

law firm of Gibbons P.C., co-counsel for Defendants Rajakumara Rajaratnam and the

Estate of Jesuthasan M. Rajaratnam (collectively, "Defendants") in the above-captioned

matter.  I submit this Declaration pursuant to Local Civil Rule 5.3(c) in support of the parties' consolidated motion to file under seal Defendants' application for permission to file a formal motion for sanctions, along with the response, reply, and sur-reply to that application.  *See* ECF Nos. 259, 260, 261, 263.  Pursuant to Rule 5.3(c)(4), the foregoing documents were provisionally filed under seal.

1.  On April 23, 2015, this Court entered a Discovery Confidentiality Order ("DCO"), s*ee* ECF No. 203, which was subsequently amended, *see* ECF 215.  The DCO allows a party to designate as confidential a document that "contains information received in confidence from third parties," or that "the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) and Local Civil Rule 5.1." ECF No. 203 at 2, ¶ 1(c), (d).

2.  On September 30, 2016, Plaintiffs' counsel, Motley Rice, produced an affidavit that was signed in February 2010 by an individual who claims to have acted as a paid confidential informant for the Federal Bureau of Investigation.

3.  Motley Rice had referred to that individual by name (albeit using different spellings of the individual's surname) in certain discovery responses.

4.  Motley Rice also emphasized that it wishes to protect the individual's identity, as publicly disclosing it could jeopardize the witness's safety, *see* ECF No. 246 at 2, a request Motley Rice reiterated after the parties' telephonic meet & confer on October 31, 2016.

5.  Motley Rice's recent production of the affidavit described in paragraph 2 above led Defendants to file an application under Rule 37.1(a)(1) for permission to file a formal motion to preclude Plaintiffs from relying on the individual as a witness. *See* ECF No. 259.

6.  That application repeatedly refers to (a) the individual by name, (b) the different spellings of the witness's name Motley Rice used in its discovery responses, and (c) the witness's self-described status as a paid informant. The single exhibit filed in support of that application is the affidavit executed in February 2010.

7.  In light of the DCO (as amended) and Motley Rice's desire not to publicly disclose the identity of the individual who executed the affidavit, the parties jointly move to seal the Defendant's Rule 37.1(a)(1) application and all related papers.

8.  On October 31, 2016, Motley Rice informed the undersigned that it consents to the application being filed under seal in light of Motley Rice's concerns for the safety of the individual.

9.  Annexed hereto as an Exhibit is a true and correct copy of the index required by Local Civil Rule 5.3(c)(3).

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: November 22, 2016                     s/ William P. Deni, Jr.
      Newark, New Jersey                       William P. Deni, Jr.

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| Defendants' Rule 37.1(a)(1) Application. *See* Decl. at ¶¶ 5–6. | The Application refers by name to a witness whose identity Motley Rice has requested be protected from public disclosure *See* Decl. at ¶¶ 4, 6. | Publicly disclosing the identity of the individual whose name appears in the Application would jeopardize that individual's safety. *See* Decl. at ¶¶ 2–4, 7. | None. Motley Rice has requested that the identity of the individual be protected from disclosure, and simply redacting his name is unfeasible where, as here, Defendants' Application refers to the different spellings of the individual's name. *See* Decl. at ¶¶ 4–7. | None. *See* Decl. at ¶ 8. |
| Exhibit to the Application (affidavit signed in February 2010). *See* Decl. at ¶¶ 2–3. | The Exhibit identifies the witness and discloses the witness's status as a paid informant. *See* Decl. at ¶ 2. | Publicly Disclosing the Exhibit would reveal the individual's identity and status as a paid informant and would jeopardize the individual's safety. *See* Decl. at ¶¶ 2–4, 7. | None. Motley Rice has requested that the identity of the individual be protected from disclosure. Simply redacting the individual's name is unfeasible, because the Exhibit contains additional details about the individual such that disclosure could allow non-parties to this litigation to discern the witness's identity. *See* Decl. at ¶¶ 4–7. | None. *See* Decl. at ¶ 8. |

| | | | | |
|---|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Rule 37.1(a)(1) Application. *See* Decl. at ¶¶ 2–3. | The Opposition refers by name to a witness whose identity Motley Rice has requested be protected from public disclosure *See* Decl. at ¶¶ 4, 6. | Publicly disclosing the identity of the individual whose name appears in the Opposition would jeopardize that individual's safety. *See* Decl. at ¶¶ 2–4, 7. | None. Motley Rice has requested that the identity of the individual be protected from disclosure, and simply redacting his name is unfeasible. *See* Decl. at ¶¶ 4–7. | None. *See* Decl. at ¶ 8. |
| Defendant's Reply Letter. *See* Decl. at ¶¶ 2–3. | The Reply Letter refers by name to a witness whose identity Motley Rice has requested be protected from public disclosure *See* Decl. at ¶¶ 4, 6. | Publicly disclosing the identity of the individual whose name appears in the Reply Letter would jeopardize that individual's safety. *See* Decl. at ¶¶ 2–4, 7. | None. Motley Rice has requested that the identity of the individual be protected from disclosure, and simply redacting his name is unfeasible. *See* Decl. at ¶¶ 4–7. | None. *See* Decl. at ¶ 8. |
| Plaintiffs' Sur-Reply Letter. *See* Decl. at ¶¶ 2–3. | The Sur-Reply Letter refers by name to a witness whose identity Motley Rice has requested be protected from public disclosure *See* Decl. at ¶¶ 4, 6. | Publicly disclosing the identity of the individual whose name appears in the Sur-Reply Letter would jeopardize that individual's safety. *See* Decl. at ¶¶ 2–4, 7. | None. Motley Rice has requested that the identity of the individual be protected from disclosure, and simply redacting his name is unfeasible. *See* Decl. at ¶¶ 4–7. | None. *See* Decl. at ¶ 8. |