UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RAJAKUMARA RAJARATNAM, *et al.*<br><br>Defendants. | Civil Action No.: 09-5395(JLL)(JAD)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO SEAL** |

Pursuant to this Court's August 25, 2017 Letter Order, ECF No. 313, the parties have filed a motion to permanently seal unredacted versions of the following materials:

| | | |
|---|---|---|
| ECF No. 245 | ECF No. 276 | ECF No. 304-8 |
| ECF No. 259 | ECF No. 276-1 | ECF No. 306 |
| ECF No. 259-2 | ECF No. 304 | ECF No. 306-1 |
| ECF No. 260 | ECF No. 304-1 | ECF No. 306-9 |
| ECF No. 261 | ECF No. 304-2 | ECF No. 307 |
| ECF No. 263 | ECF No. 304-3 | ECF No. 313 |
| ECF No. 271 | ECF No. 304-4 | |

The Court, having considered the parties' Motion to Seal, including counsel's declaration and attached appendix, the nature of the materials at issue, the public and private interests, the harm that may result if the materials are not sealed, and the available alternatives to sealing the documents, finds the parties have satisfied Local Civil rule 5.3(c) and grants the motion:

1. On April 22, 2015, the Court entered the Discovery Confidentiality Order, later amended, to govern information produced during discovery in this case. ECF Nos. 203, 215.

2. Pursuant to the Discovery Confidentiality Order, as amended, Plaintiffs designated certain information as confidential, which designations Defendants challenged. The Court's August 25, 2017 Letter Order concluded that the identities and contact information for

two of Plaintiffs' fact witnesses shall remain designated "Outside Attorneys' Eyes Only." ECF No. 313 at 5. The Court further found that the personal contact information for one of three individuals retained by Plaintiffs in connection with the above-captioned case shall remain designated "Outside Attorneys' Eyes Only." *Id.* at 12-13. The Court found that the personal contact information belonging to the other two individuals, initially designated "Outside Attorneys' Eyes Only," shall be designated "Confidential." *Id.* at 13.

3. Over the course of presenting and resolving the dispute over the propriety of Plaintiffs' confidentiality designations, dozens of submissions and orders containing the confidential information at issue in the dispute were filed temporarily under seal. The August 25 Order directed the parties to meet and confer regarding those materials. ECF No. 313 at 14. In particular, the Court directed the parties to determine which materials currently under seal contain information that, in light of its August 25 Order, shall remain designated "Confidential" and/or "Outside Attorneys' Eyes Only," to file a motion to maintain unredacted versions of those materials under seal, and also to file redacted versions of those materials on the public docket. *Id.*

4. As stated in the Declaration of Joseph J. DePalma, Esq., filed in support of the parties' Motion to Seal, the parties met and conferred in accordance with the August 25 Order. The DePalma declaration further states that, pursuant to the August 25 Order, the parties have come to an agreement as to which materials currently under seal may now be made public and which may be maintained under seal. Indeed, the parties have already separately identified which materials should be unsealed and filed redacted versions of the materials they determined may remain under seal, in which only the confidential information contained therein has been redacted. (ECF Nos. 320-330). The Court therefore finds that there is no less restrictive alternative to maintaining the unredacted versions of the documents in question under seal. The Court further finds that the parties have collectively satisfied the requirements of Local Civil Rule 5.3 with regard to the unredacted versions of those documents.

5. While Defendants have agreed to this treatment of these materials currently under seal for the purposes of complying with the August 25 Order, they have expressly done so without waiver of any rights, including appellate rights.

6. For the reasons stated in the August 25 Order, for good cause shown, and finding (ECF N. 319) no less restrictive alternative is available, the parties' Motion to Seal is **GRANTED**, and it is further

\*

DATED: 10/31/17

SO ORDERED:

_____
Honorable Joseph A. Dickson
United States Magistrate Judge

\* 7. ORDERED that the Clerk of the Court shall maintain the unredacted versions of the documents in question, (ECF Nos. 245, 259, 260, 261, 263, 271, 276, 304, 306, 307, and 313, plus any attachments contained in those docket entries), under seal.