

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

June 14, 2021

**VIA ECF**
Honorable Jessica S. Allen, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: ***Krishanthi, et al. v. Rajaratnam, et al.***
      **Civil Action No. 09-05395 (BRM)(JSA)**

Dear Judge Allen:

  The Court's Text Order entered on June 3, 2021 (ECF No. 459) sought the filing of a joint letter by the parties if agreement could not be reached on a Scheduling Order. Plaintiffs' counsel reached out to defense counsel earlier today to combine the parties' letters into a joint submission. At approximately 2:30pm, Defendants informed Plaintiffs that they planned to submit three single-spaced pages of argument rather than the Court-ordered joint submission of four pages, double-spaced. Plaintiffs considered the proposal to act accordingly and decided to abide by the Court's Text Order and limited their submission to approximately half of a four-page, double-spaced submission. We then provided the text of the letter below to defense counsel for inclusion with what they intended to submit as Plaintiffs' counsel had not seen any draft of Defendants' proposed submission. Such a draft was not circulated until after 6:30pm; however, review of Defendants' submission was not able to take place until approximately 9:45pm due to other intervening factors. Motley Rice attorney John Eubanks wrote to defense counsel by e-mail at 10:08pm regarding what

879394.1

**LITE DEPALMA GREENBERG & AFANADOR**

Honorable Jessica S. Allen, U.S.M.J.
June 14, 2021
Page 2

Plaintiffs view as an improper submission by Defendants given the Court's Order and stated that Plaintiffs would file their letter separately.[1]

Therefore, Plaintiffs submit this letter—on their own rather than jointly with Defendants who have chosen to alter the rules again at the last moment—to identify the remaining scheduling disputes between the parties following additional meet-and-confer sessions. While certain areas of disagreement have been narrowed, the parties remain in a stalemate regarding certain discovery issues that inhibit the ability to proceed to expert discovery followed by briefing on motions for summary judgment.

The parties and independent counsel for the former-JTTF Agents have met and conferred and are endeavoring to further narrow the scope of disagreement with respect to certain non-party discovery disputes that impact the commencement of expert discovery in this case. The remaining disagreements arise out of two specific issues: (1) whether or not written fact discovery has been completed; and (2) whether the deposition of the Confidential Source proffered by Plaintiffs should be re-convened. In a May 21, 2021 discovery letter, defense counsel argued that 204 documents that were either redacted in full (or slip-sheeted), partially redacted, or designated as privileged

---

[1] In full disclosure, Mr. Eubanks' e-mail stated, "Having briefly reviewed your submission, I question whether you ever, in good faith, believed [the parties] would be submitting a joint letter to the Court. At this point, I do not think it would be appropriate to submit this as a joint submission because Plaintiffs have attempted to abide by the Court's order to shortly flag the issues within a limited space (not to mention, [Plaintiffs'] submission is almost identical to what we submitted to the Court by the Court's prior deadline thus giving Defendants two weeks to craft their response). Your submission, on the other hand, raises too many half-truths and misrepresentations to address prior to midnight tonight given that no draft was sent until 6:30pm.

"This gamesmanship by defense counsel comes as no surprise, but Plaintiffs submit that you should submit your letter in complete contravention of the Court's Order on your own. We will file our submission independently."

879394.1

**LITE DEPALMA GREENBERG & AFANADOR**

Honorable Jessica S. Allen, U.S.M.J.
June 14, 2021
Page 3

pursuant to Magistrate Judge Dickson's ruling regarding the privilege log required for the third-party subpoena production for the three former-JTTF investigators should be produced notwithstanding the asserted privilege related to the attorney work-product doctrine and relevance. Through the meet-and-confer process, 26 of these documents have been subsequently produced, and Defendants have withdrawn their challenge to redactions on 40 of these documents; however, 138 documents remain in dispute. The primary rationale for the privilege designation on these documents is that Plaintiffs' counsel does not believe that Defendants are entitled to know the number of hours worked, the expenses accumulated, and the money paid to Plaintiffs' non-testifying investigators as part of this litigation—especially in response to a broad and unrestricted subpoena that is not narrowly tailored for this purpose. What Plaintiffs' counsel have paid their investigators for work performed as part of the investigation in this lawsuit is immaterial to any claim or defense of the Defendants. With regard to reimbursement of expenses to the Confidential Source, Plaintiffs have made every attempt to provide all such documents. Defendants' attempts to obtain the billing records and payments received for Plaintiffs' retained non-testifying investigators is an inappropriate violation of the work-product doctrine. Defendants have the responsive discovery concerning payments made to the Confidential Source, and no further discovery is warranted or appropriate.[2] A prompt briefing schedule should be adopted by the Court to address these issues related to subpoena compliance sooner rather than later.

---

[2] The timeliness of Defendants' noted "deficiencies" in both production and privilege logs for the responses to subpoenas issued to these three former-JTTF investigators also demonstrates Defendants' dilatory practices with regard to proceeding to dispositive motions. It took over four months to receive written deficiencies for the production and over two months to provide feedback on the privilege logs produced. At this pace, continued discovery only serves to delay proceeding to dispositive motions.

879394.1

**LITE DEPALMA GREENBERG & AFANADOR**

Honorable Jessica S. Allen, U.S.M.J.
June 14, 2021
Page 4

Finally, Defendants elicited over 16 hours of on-the-record testimony from the Confidential Source in a deposition that spanned across four days in July 2018. *See* ECF No. 369 at 3. While Defendants ostensibly kept the deposition open at that time, this position was opposed by Plaintiffs' counsel. To the extent that the Court wishes to entertain any re-opening of this deposition, Plaintiffs submit that leave to do so must be granted with good cause shown. Plaintiffs suggest that Defendants file their brief in support of reopening the deposition of the Confidential Witness in fourteen days, and Plaintiffs will respond one week thereafter. The parties' proposals following resolution of these document discovery and deposition issues are substantially similar in addressing expert disclosures, expert discovery, and motions for summary judgment on the record. Therefore, if the Court determines that the Confidential Source's deposition will not be re-opened, then the parties can proceed to expert disclosures and discovery in advance of Defendants' motion for summary judgment.

Given the failure of the parties to provide a joint submission, Plaintiffs submit that a conference before the Court may be appropriate to provide the parties with an understanding of how the Court wishes to proceed. Should the Court wish to entertain briefing on these issues, Plaintiffs look forward to the opportunity to present their arguments in that appropriate forum.

Respectfully submitted,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

JJD:emp

cc:   All counsel of record (via CM/ECF)

879394.1