# Exhibit A



William P. Deni, Jr.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4853 Fax: (973) 639-8373
wdeni@gibbonslaw.com

June 11, 2021

**VIA EMAIL**

Marjorie Berman
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
mberman@krantzberman.com

Michael Elsner
John Eubanks
Motley Rice
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
melsner@motleyrice.com
jeubanks@motleyrice.com

      Re:   *Krishanthi, et al. v. Rajaratnam, et al.*
               **No. 2:09-cv-05395-JLL-JAD**

Dear Counsel:

      As discussed during our meet and confer on June 8, 2021, this letter summarizes the disputes that we have resolved in our recent meet and confer discussions, and also sets forth the remaining issues about which we have not been able to reach agreement with respect to redactions and privilege designations set forth in the May 11, 2021 privilege logs.  Those logs were provided in connection with the January 15, 2021 production of documents sought by subpoenas served on Brian Mallon, Jayat Kanetkar, and John Allison (the "Former JTTF Agents").  As we discussed in our meet and confer, this also letter memorializes our responses to your June 4, 2021 letter, which responded to our May 21, 2021 privilege deficiency letter.[1]  Please note that the purpose of this letter is to identify the items on which we have reached agreement and the remaining disputes; we have not attempted in this letter to fully support our positions regarding the matters still in dispute, but will do so in our portion of a joint letter to the court, should we be unable to resolve any of those remaining disputes.

      As a preliminary matter, we note that, as of the date of this letter, we are awaiting an updated privilege log that contains the following documents, which were produced with redactions but not identified on any of the May 11, 2021 privilege logs:  KAM-00000572, 620, 1243, 1992,

---

[1] As of the date of this letter, we are still awaiting your response to our May 21, 2021 deficiency letter identifying production deficiencies.

2427, 2569, 2581, 2592, 2747, 2761, 2835, 2877, 2903, 2936, 2952, 3121, 3287, 4167, 4424, 4453, 4477, 4498, 4629, and 4672.[2]

As we indicated during our meet and confer, although there is a confidentiality order in this matter (permitting highly restrictive confidentiality designations) and therefore no need to employ redactions on the basis of confidentiality or privacy considerations, in the interests of progressing this case expeditiously, at this time we are no longer challenging any of the redactions on the following unprivileged documents: KAM-0000316, 319, 364, 520, 551, 552, 572, 686, 697, 710, 721, 1045, 1254, 1267, 1282, 1283, 1340, 1510, 1512, 1513, 1870, 2408, 2413, 2414, 2425, 2430, 3116, 3241, 3867, 4669, and 5515. For the same reason, we are no longer challenging portions of the redactions within the following documents:

- 114 (no challenge to redaction of account number on 112);
- 623 (no challenge to redaction of credit card numbers on 623-624);
- 689 (no challenge to redaction of account numbers and address on 689);
- 1268 (no challenge to redaction of account and routing numbers on 1268);
- 1270 (no challenge to redaction of account and routing numbers on 1270);
- 1272 (no challenge to redaction of account and routing numbers on 1273);
- 1274 (no challenge to redaction of account and routing numbers on 1274);
- 2441 (no challenge to redaction of account number on 2445);
- 2454 (no challenge to redaction of account numbers on 2457-58);
- 2643 (no challenge to redaction of account number on 2649);
- 3208 (no challenge to redaction of award / frequent flyer / credit card / bank account numbers on 3213 and 3220-22);
- 3048 (no challenge to redaction of account numbers on 3052-53, 3056);
- 3208 (no challenge to redaction of account numbers on 3213, 3220-22);
- 3301 (no challenge to redaction of account numbers on 3318);
- 3336 (no challenge to redaction of account numbers on 3352-53);
- 4477[3] (no challenge to redaction of account numbers on 4481-82, 4485, 4489); and
- 4519 (no challenge to redaction of account and routing numbers on 4519).

We are also no longer challenging the withholding of KAM-00000067, 102, 113, 127, 149, 162, 177, 291, 297.

We maintain that the redactions to KAM-00000337, 1294, 1295 (redactions of skype usernames) are not appropriate. The Agent Subpoenas specifically called for this information in Exhibit A, paragraph 1; we have not requested passwords for the accounts, and there is no suggestion that the information is privileged. For the reasons set forth in our May 21, 2021

---

[2] Please note that document 2747 was mistakenly identified as 2757 in our May 21, 2021 deficiency letter due to a typographical error. Also, document 4477 was inadvertently left out of the same deficiency letter and should have been included in Category D (redacted documents not listed on any privilege log).

[3] Please note that this document was inadvertently left out of our May 21, 2021 deficiency letter and should have been included in Category D (redacted documents not listed on any privilege log).

Gibbons P.C.

June 11, 2021
Page 3

deficiency letter relating to production issues – namely, that we are aware from other discovery that the Former JTTF Agents did conduct relevant communications via Skype and a search of Skype records was not conducted using the agreed-upon search terms – this information is relevant and responsive to the Agent Subpoenas. Additionally, although you have stated that document KAM-00000113 was produced, it was not contained in the files we unzipped; we realize that this is only a slip sheet, but ask that you please produce it in the interest of completeness.

The remaining unresolved issues all related to Plaintiffs' counsel's continued assertion of Attorney Work Product privilege over items which do not constitute the mental impressions, conclusions, opinion, or legal theories of an attorney or his or her agent, namely, expense receipts and emails transmitting same, primarily responsive to Request No. 10 of the Agent Subpoena.[4] In the event this was not clear during our meet and confer discussions, defendants do not seek to obtain some litigation advantage by gaining access to counsel's legal theories or mental impressions about this case. Thus, to the extent there is some narrative that reveals that work product, those may properly be redacted. However, financial amounts and communications merely transmitting invoices and expenses do not constitute work product and you have offered no support for your position to the contrary. Moreover, because payments from counsel to the Confidential Witness flowed through the Former JTTF Agents and were co-mingled with payments to them, redacting any financial totals impedes Defendants' ability to track the flow of funds to the Confidential Witness. This is especially the case because counsel has asserted that the Confidential Witness provided active assistance in this litigation to Motley Rice for some period of time. *See, e.g.*, ECF No. 353. Finally, although you have claimed that many of the redacted expenses were incurred solely by a Former JTTF Agent and not the Confidential Witness, the documents do not support that assertion (*e.g.* KAM-00001067, showing three passengers for air travel, including the Confidential Witness, and yet redacting the total airfare).

The documents that fall within this category of financial information are: KAM-00000003, 4, 29, 30, 53, 54, 68, 114 (except as noted above), 135, 136, 327, 328, 329, 339, 340 (except as noted above), 507, 508, 509, 510, 511, 518, 622, 623 (except as noted above), 641, 642, 643, 678, 679, 683, 684, 689 (except as noted above), 839, 844, 849, 850, 853, 1067, 1128, 1248, 1253, 1261, 1268 (except as noted above), 1270 (except as noted above), 1272 (except as noted above), 1274 (except as noted above), 1276 (except as noted above), 1279 (except as noted above), 2440, 2441 (except as noted above), 2454 (except as noted above), 2602, 2603, 2622, 2623, 2642, 2735, 2736, 2746, 2757, 2758, 2760, 2834, 2876, 2902, 2915, 2916, 2935, 2951, 3047, 3048 (except as noted above), 3067, 3068, 3120, 3144, 3147 (except as noted above), 3207, 3208 (except as noted above), 3236, 3237, 3239, 3286, 3335, 3336 (except as noted above), 3407, 3408, 3418, 3419, 3423, 4452, 4476, 4496, 4497, 4519 (except as noted above), 4628, 4667, and 4744.

---

[4] Request No. 10 of the Agent Subpoenas 10 sought "Any and all documents, materials, notes, files, records, contracts, agreements, communications, invoices, receipts, and information in Your possession or under Your control, in any format, relating to Payments made to You or [the Confidential Witness], directly or indirectly, or future Payments promised, anticipated, dedicated or pledged, whether or not for reimbursement, by any of the following individuals or entities . . . [any of the Former JTTF Agents, the Confidential Witness, Motley Rice LLC, among others]."

GIBBONS P.C.

June 11, 2021
Page 4

      KAM-00002856 is not attorney work product because it appears to be merely a pass through of documents from the Confidential Witness to Plaintiffs' counsel by way of the Former JTTF Agents.  And finally, the following documents fall outside the scope of the Former JTTF Agents' retention by Plaintiffs' counsel and therefore do not qualify for Attorney Work Product protection:   KAM-00005519, KAM-PRIV-0000001-9, KAM-PRIV-0000012-18, KAM-PRIV-0000024, KAM-PRIV-0000026-35, KAM-PRIV-0000052-55, KAM-PRIV-0000057, KAM-PRIV-0000059-62.

<p align="center">*      *      *</p>

      We look forward to receiving your response to the production deficiency letter as quickly as possible and will endeavor to be available for further discussion to the extent time permits before the court-ordered deadline of Monday, June 14, 2021.

Sincerely,

William P. Deni, Jr.

cc:    Joseph J. DePalma
        Samidh Guha
        George M. Barchini
        Thomas R. Valen
        Anne M. Collart