**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KARUNAMUNIGE CHAMILA
KRISHANTHI, et al.,

                Plaintiffs,

      v.

RAJAKUMARA RAJARATNAM, et al.

               Defendant(s).

Civil Action No. 09-cv-05395 (BRM)(JSA)

**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO**
**QUASH SUBPOENA FOR**
**DEPOSITION OF NON-PARTY**
**WITNESS JAYAT KANETKAR**

**KRANTZ & BERMAN LLP**
Marjorie E. Berman (Admitted *Pro Hac Vice*)
Ainsley Dowling
747 Third Avenue, 32nd Floor
New York, New York 10017
Phone: (212) 661-0009
mberman@krantzberman.com

*Attorneys for Non-Party Jayat Kanetkar*

897654.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ........................................................................................................1

PROCEDURAL HISTORY...........................................................................................4

ARGUMENT ...............................................................................................................6

    I.      DEFENDANTS HAVE WAIVED THEIR RIGHT TO SEEK INFORMATION
          ABOUT THE "DECISION" NOT TO ENTER INTO AN ENGAGEMENT
          LETTER WITH MOTLEY RICE; IN ANY EVENT, THE INFORMATION
          IS NOT RELEVANT..................................................................................9

    II.     DEFENDANTS HAVE WAIVED THEIR RIGHT TO SEEK
          INFORMATION ABOUT THE TIMING, TERMS AND NATURE
          OF MR. KANETKAR'S RETENTION BY MOTLEY RICE INCLUDING
          HIS FINANCIAL COMPENSATION; IN ANY EVENT, THE
          INFORMATION IS PRIVILEGED AND IRRELEVANT........................11

    III.    DEFENDANTS HAVE ALREADY OBTAINED SUFFICIENT
          INFORMATION FROM MR. KANETKAR REGARDING
          COMPENSATION AND OTHER PAYMENTS OR BENEFITS,
          INCLUDING OTHER PAYMENTS OR EXPENSES, FOR SERVICES
          PERFORMED BY THE CONFIDENTIAL WITNESS; THUS
          THE REQUEST IS DUPLICATIVE AND BURDENSOME...................12

    IV.    DEFENDANTS ARE NOT ENTITLED TO DEPOSE MR. KANETKAR
          REGARDING HIS RELATIONSHIP WITH THE CONFIDENTIAL
          WITNESS (TO THE EXTENT THE RELATIONSHIP WAS NOT
          UNDER THE SUPERVISION OR AUTHORIZATION OF THE US
          GOVERNMENT) AS THEY HAVE ALREADY PROVIDED THE
          INFORMATION TO DEFENDANTS ......................................................13

    V.     INFORMATION REGARDING ACTIONS UNDERTAKEN BY
          MR. KANETKAR, HIS COUNSEL AND MOTLEY RICE TO PRESERVE,
          COLLECT AND REVIEW POTENTIALLY RESPONSIVE DOCUMENTS
          FOLLOWING RECEIPT OF THE SUBPOENA DATED JUNE 18, 2018
          IS NOT RELEVANT AND IS OVERLY BURDENSOME......................14

CONCLUSION...........................................................................................................15

i

# TABLE OF AUTHORITIES

## Cases

*Biotechnology Value Fund, L.P. v. Celera Corp.*,
  No. 14-4046, 2014 WL 4272732 (D.N.J. Aug. 28, 2014) ........................................................7

*Burgess v. Galloway*,
  No. 20-06744, 2021 WL 2661290 (D.N.J. Jan. 28, 2021)...............................................6, 7, 13

*Chazanow v. Sussex Bank*,
  2014 WL 2965697 (D.N.J. July 1, 2014)........................................................................6, 9

*In re Centrix Financial, LLC*,
  No.12-6471, 2012 WL 6625920 (D.N.J. Dec. 18, 2012)...............................................10, 11, 13

*Kelley v. Enhanced Recovery Co., LLC*,
  No. 15-6527, 2016 WL 8673055 (D.N.J. Oct. 7, 2016) ...............................................6, 8, 12, 14

*Kull v. Arrowood Indemn. Co.*,
  No. 13-4343, 2013 WL 5603924 (D.N.J. Oct. 11, 2013) ........................................................11

*Mickendrow v. Watner*,
  No. 20-007, 2021 WL 2821176 (D.N.J. July 7, 2021) ............................................................9

*Walgreens Specialty Pharmacy, LLC v. Atrium Administrative Services, Inc.*,
  No. 129-12756, 2020 WL 6042280 (D.N.J. Oct. 13, 2020) .......................................................7

*Stamy v. Packer*,
  138 F.R.D. 412 (D.N.J. 1990)..................................................................................7

## Rules

Fed. R. Civ. P. 26(b) ..........................................................................................6

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) ...........................................................................6

Fed. R. Civ. P. 45 .............................................................................................6

ii

## INTRODUCTION

Non-party Jayat ("Jay") Kanetkar ("Mr. Kanetkar"), by his counsel Krantz & Berman LLP, brings this Motion to Quash Defendants' Subpoena for his deposition.  The 2009 action before this Court is brought on behalf of Sri Lankan citizens alleged to have been victims of terrorism by the Liberation Tigers of Tamil Elam ("LTTE"). Defendants are alleged to have provided financial support for the terrorist activities of the LTTE.  Mr. Kanetkar is a former FBI agent whose investigative services to plaintiffs' counsel Motley Rice during the period 2009-2013 contributed to the factual development of the case.  Mr. Kanetkar worked on behalf of Motley Rice, along with two other former federal law-enforcement agents, with a confidential witness who is expected to testify at trial.  The putative deposition of Mr. Kanetkar, who will not be testifying on behalf of Plaintiffs, has no relevance whatsoever to the allegations in the Amended Complaint.  Rather, as admitted by Defendants, they seek Mr. Kanetkar's deposition to extract information they believe will tarnish the credibility of the confidential witness and will support their anticipated motion to preclude the testimony of the confidential witness at trial.

The subpoena should be quashed because (1) it is overly burdensome to Mr. Kanetkar (particularly in light of the prior document subpoenas to which he has responded); (2) seeks information irrelevant to the underlying action; (3) seeks information which is privileged; and (4) is duplicative of the information already provided to Defendants in response to a document subpoena served on Mr. Kanetkar. Moreover, the subpoena to Mr. Kanetkar appears to be an improper effort by Defendants to use Mr. Kanetkar (and the other former federal law-enforcement agents) as pawns in the continuing war between the Parties.   Mr. Kanetkar seeks protection from the Court and asks the Court to grant his Motion to Quash the Subpoena.

897654.1

## PROCEDURAL HISTORY

In early 2021, counsel for three non-party witnesses, including Mr. Kanetkar, produced documents in response to Defendants' sprawling Subpoena dated June 18, 2018 (the "Agent Document Subpoena").[1]  That subpoena sought, among other topics, extensive information concerning the Agents' financial and business relationship with the confidential witness both during and after the Agents' consulting engagement with Motley Rice. On October 12, 2021, Defendants moved this court informally to compel further production of documents from the non-party Agents. ECF No. 471 (the "October 12 Letter"). On October 21, 2021, counsel for the non-party Agents filed a letter motion with the Court (under seal) [ECF No. 473] seeking relief from further production on the grounds, among other arguments, that further production was both unwarranted and excessively burdensome. That motion, which is *sub judice*, sets forth the history of the Agent Document Subpoena including detailed information about the non-party witnesses' compliance therewith, and the Court is respectfully referred to that filing.  On or about November 18, 2021, while the letter motion was *sub judice*, Defendants served Mr. Kanetkar with the instant deposition subpoena ("Agent Deposition Subpoena"), a copy of which is attached to the Certification of Marjorie Berman as Exhibit A.[2]

---

[1] This motion incorporates by reference the Memorandum of Law in Support of Plaintiffs' Motion to Quash the Subpoena as to Jayat Kanetkar, or in the Alternative for a Protective Order Forbidding the Discovery, filed in this Action on December 8, 2021.

[2] Prior to service of the Deposition Subpoena on Mr. Kanetkar, Defendants' counsel requested that the undersigned accept service of the Deposition Subpoena on behalf of each of the non-party witnesses – Mr. Mallon, Mr. Allison and Mr. Kanetkar.  The undersigned declined the request. Thereafter, Mr. Kanetkar was served with the Deposition Subpoena.  Messrs. Mallon and Alison have not yet been served.  If they are served, it is anticipated that the instant motion will be filed on behalf of each of them.

4

Defendants filed the October 12 Letter seeking further production notwithstanding the non-party Agent's production of nearly 6,000 pages in response to the Agent Document Subpoena. Despite that extensive production, Defendants argued to the Court that the Agents' production was insufficient and incomplete. The information Defendants sought from the Agent Document Subpoena was sought in support of a false but core theory that Defendants have been advancing in the underlying litigation: namely that the Agents "improperly provided the purported confidential witness with substantial benefits over the past decade." ECF No. 471 at 2. Defendants' intention is to file a motion to preclude the confidential witness based on this information. Notably, at the same time Defendants argued to the court that the Agents' production was insufficient, they also conceded that the Agents had produced, from Defendants' perspective, "substantial evidence" in support of their theory. *Id.* Nonetheless they sought further production to "*complete* the record of these benefits for their motion to preclude the witness." *Id*. In short, Defendants conceded they had "substantial evidence" in support of their motion, but sought more.

Before waiting for the Court to rule on their motion to compel – and perhaps anticipating that their motions would be denied – Defendants served the instant Agent Deposition Subpoena. It can be assumed, based on Defendants' arguments to the Court in the October 12 Letter, that the purpose of Mr. Kanetkar's deposition is for the same purpose Defendants seek additional documents from the Agents – for further information for their motion to preclude the testimony of the confidential witness.

Defendants seek to depose Mr. Kanetkar on the following topics:

1. The decision not to enter into an engagement letter with Plaintiffs or with Motley Rice for the services rendered in connection with the litigation;

2. The timing, terms and nature of [his] retention by Motley Rice, including his financial compensation;

897654.1

3.  Compensation and other payments or benefits, including other payments or expenses, for services performed by the Confidential Witness;

4.  His relationship with the Confidential Witness to the extent the relationship was not under the supervision or authorization of the US Government;

5.  Actions undertaken by him, his counsel and Motley Rice to preserve, collect and review potentially responsive documents following receipt of the Subpoena dated June 18 2018.

*See* Exhibit A.

## ARGUMENT

While the Federal Rules contemplate the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," courts must still limit the extent of discovery if the proposed discovery is outside that scope. *Burgess v. Galloway*, No. 20-06744, 2021 WL 2661290 at *2 (D.N.J. Jan. 28, 2021) (citing Fed. R. Civ. P. 26(b)). "While the scope of discovery is broad, it is not unlimited … and should not serve as a fishing expedition." *Id.* (internal quotations omitted). And, a "nonparty to an action is afforded greater protection from discovery than a normal party." *Kelley v. Enhanced Recovery Co., LLC*, No. 15-6527, 2016 WL 8673055, at *2 (D.N.J. Oct. 7, 2016) (quoting *Chazanow v. Sussex Bank*, 2014 WL 2965697, at *3 (D.N.J. July 1, 2014). Courts are permitted to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

If a subpoena falls outside the permissible scope of discovery, the court has the authority to quash it upon a timely motion by the served party. Fed. R. Civ. P. 45. Under Federal Rule 45,

6

court have "significant discretion to quash or modify a subpoena where the discovery sought is irrelevant, or compliance with the subpoena would be unreasonable or oppressive." *Burgess*, 2021 WL 2261289 at *2. In determining whether to grant a motion to quash a subpoena, courts consider the following factors: (1) relevance; (2) the party's need for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) *the subpoena recipient's status as a nonparty to the litigation*. *Walgreens Specialty Pharmacy, LLC v. Atrium Administrative Services, Inc.*, No. 129-12756, 2020 WL 6042280 at *3 (D.N.J. Oct. 13, 2020) (citing *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732 at *2 (D.N.J. Aug. 28, 2014) (emphasis added).

With respect to the first prong – the relevance analysis – "nonparty discovery requires a stronger showing of relevance than for simple party discovery," and the information the Defendants seek here is indisputably not relevant to the underlying litigation. *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990). Rather, its only relevance is for purposes of Defendants supporting their anticipated motion to preclude.

With respect to the second factor – the party's need for the information – Defendants have conceded to the Court that they have already procured "substantial evidence" in support of their anticipated motion. Specifically (1) Mr. Kanetkar has provided an affidavit to Defendants setting forth the dates during which he served as a non-testifying investigator for Plaintiffs; (2) they have gathered relevant documents from the Agents; (3) they have gathered relevant documents from the confidential witness; and (4) they have deposed the confidential witness. Moreover, a number of the specific areas of inquiry on which Defendants seek to depose Mr. Kanetkar are not areas that will advance the anticipated motion to preclude.

897654.1

To support their purported need for information via a deposition of Mr. Kanetkar, Defendants have essentially concocted a theory – based on pure supposition – and then seek evidence to support that concocted theory as if there were a factual basis for it. Defendants' theory is premised on the fiction that the Agents improperly provided the confidential witness with substantial benefits over the past decade that should preclude the confidential witness from testifying. Defendants then elevate that supposition from fiction to fact, advancing a series of subsidiary suppositions to support their demand for Mr. Kanetkar's deposition. Those subsidiary suppositions include the illogical conclusions that (1) the absence of a formal retainer agreement with Motley Rice indicates that Motley Rice and the Agents had an agreement to compensate the confidential witness; (2) the documents the Agents produced are insufficient to demonstrate those payments because the Agents plainly did not put that information in writing and must be questioned under oath about it; and (3) the Agents must be questioned about their preservation efforts upon receipt of the subpoena because the absence of full documentation concerning the benefits provided to the confidential witness can only be explained by spoliation. Defendants should not be permitted to depose Mr. Kanetkar based on these false suppositions.

Finally, not only is the information Defendants seek not relevant to Defendants' anticipated motion, any marginal need for further information to support their anticipated motion must be weighed against the sixth and seventh factors – the burden imposed and the subpoena recipient's status as a nonparty to the litigation. "Discovery from a non-party is unduly burdensome where the information sought has already been . . . obtained from other means." *Kelley v. Enhanced Recovery Co., LLC*, No. 15-6527, 2016 WL 8673055, at *2 (D.N.J. Oct. 7, 2016). Here, the information has already been obtained not only from the non-party Agents, but from the Plaintiffs and the confidential witness.

8

I.     **DEFENDANTS HAVE WAIVED THEIR RIGHT TO SEEK INFORMATION ABOUT THE "DECISION"[3] NOT TO ENTER INTO AN ENGAGEMENT LETTER WITH MOTLEY RICE; IN ANY EVENT, THE INFORMATION IS NOT RELEVANT**

Despite the 176 separate requests in the Agent Document Subpoena, none of those requests sought the retainer agreement between the Agents and Motley Rice.  Whether Defendants' failure to make their request explicit was inadvertent or an expression of the irrelevance of the information in relation to the anticipated motion.  Regardless of the reason, at this point, Defendants have waived their ability to inquire into this area. Particularly with respect to a non-party witness, a Party's ability to perpetually request additional information from that witness must be checked. *See Mickendrow v. Watner*, No. 20-007, 2021 WL 2821176 at *5 (D.N.J. July 7, 2021) (denying plaintiff's motion to compel the deposition of a nonparty where the nonparty had already provided the plaintiff with more than 255 pages of its records as well as a ten-page declaration); *Chazanow* 2014 WL 2965697 at *3 (granting the nonparty movant's motion to quash a second subpoena served by the same party that largely mirrored the first because, among other reasons, the movant "had already been subjected to discovery in this matter as a non-party").

Defendants did ask the undersigned, during the process of document subpoena compliance, to produce any retainer agreements between the Agents and Motley Rice.  Rather than refuse to discuss the issue with Defendants on the grounds that it was not part of the Agent Document Subpoena, the undersigned and Motley Rice cooperated with Defendants and advised them, after

---

[3]  Defendants' description of this area of inquiry implies that a "decision" was made to not enter into a written engagement agreement with Motley Rice.  There is no evidentiary basis for Defendants' characterization of the absence of an engagement agreement as the result of a "decision." In any event, the presence or absence of an engagement agreement is not relevant given that Defendants have been informed of the dates of Mr. Kanetkar's retention.

inquiry, that no one had been able to locate an engagement letter.  Apparently, the reward for that cooperation is for Defendants to now seek to depose Mr. Kanetkar on the matter.

Further, Defendants previously asked Magistrate Judge Dickson to conduct an *in* camera review of the Agents' retainer agreement in connection with his consideration of the scope of a privilege log pertaining to communications between Motley Rice and the Agents.  [ECF 443 at 2]. In February 2021, the Court declined to do so and instead required the Agents to submit an affidavit setting forth the dates the Agents served as an investigator.  ECF 451 at p. 5.  Providing that affidavit to Defendants was deemed sufficient by the Court.  Now, nearly a year later, defense counsel again seeks this information in the form of a deposition.  If the affidavits were insufficient, the issue should have been raised long ago.

In any event, an inquiry into "why" Mr. Kanetkar did not sign a formal engagement letter with Motley Rice is not relevant to Defendants' effort to procure evidence to support its motion to preclude.  Defendants will either obtain information to support their application for preclusion or they won't – but, absent Defendants' suppositions, information about the lack of a formal engagement letter is quite far afield from the inquiry.

Finally, the undersigned has spoken with Mr. Kanetkar who would testify that he has no specific recollection as to why he did not enter into a retainer agreement with Motley Rice.  In this regard, it is important to recognize that Defendants are seeking information from Mr. Kanetkar from events that occurred in 2009, approximately 12 years ago.  It would not be reasonable to expect that Mr. Kanetkar, or anyone for that matter, would be able to recollect such specific information so many years later. *In re Centrix Financial, LLC*, No.12-6471, 2012 WL 6625920 at *6 (D.N.J. Dec. 18, 2012) (granting nonparty's motion to quash a deposition subpoena where the nonparty represented that it would have no recollection of the topic communications and the

10

897654.1

production of such communications could be or already had been obtained by the subpoenaing

party).  While Mr. Kanetkar will testify that he has no specific recollection as to this particular

matter, he will also testify that he had a variety of consulting engagements with Motley Rice and

following the signing of the first engagement letter, it was not their practice to engage in specific

engagement agreements for the subsequent matters.

## II.   DEFENDANTS HAVE WAIVED THEIR RIGHT TO SEEK INFORMATION ABOUT THE TIMING, TERMS AND NATURE OF MR. KANETKAR'S RETENTION BY MOTLEY RICE INCLUDING HIS FINANCIAL COMPENSATION; IN ANY EVENT, THE INFORMATION IS PRIVILEGED AND IRRELEVANT

For the same reasons set forth above, Defendants have waived their right to depose Mr.

Kanetkar concerning the timing, terms and nature of his retention by Motley Rice because they

failed to request information concerning the retainer agreement in the Agent Document Subpoena.

Defendants did seek information in the Agent Document Subpoena concerning invoices

Mr. Kanetkar prepared to Motley Rice and payments Motley Rice made to Mr. Kanetkar for his

investigative services.  Motley Rice raised privilege objections with respect to this information,

which objections are pending before the court.  *See* ECF Nos. 465, 466, and 468.  Until the Court

resolves the privilege issues, Mr. Kanetkar should not be compelled to appear for a deposition to

answer questions that Motley Rice will instruct him not to answer on privilege grounds. *Kull v.*

*Arrowood Indemn. Co.*, No. 13-4343, 2013 WL 5603924 at *6 (D.N.J. Oct. 11, 2013) (granting

the motion to quash where the deposition subpoena would require divulgence of privileged

information and work product); *In re Centrix*, 2012 WL 6625920 at *7 (granting nonparty's motion

to quash where, in addition to other reasons, the information sought may fall under the attorney

client privilege).  In February of 2021, the Court ordered, based on the work product privilege, that

counsel did not need to log documents for privilege between the former JTTF agents and Motley

897654.1

Rice.  This deposition discovery seeks to undermine the Court's prior ruling by prying into matters that the Court previously disregarded.

### III.   DEFENDANTS HAVE ALREADY OBTAINED SUFFICIENT INFORMATION FROM MR. KANETKAR REGARDING COMPENSATION AND OTHER PAYMENTS OR BENEFITS, INCLUDING OTHER PAYMENTS OR EXPENSES, FOR SERVICES PERFORMED BY THE CONFIDENTIAL WITNESS; THUS THE REQUEST IS DUPLICATIVE AND BURDENSOME.

The Agent Document Subpoena sought extensive information regarding the compensation and other payments and benefits the confidential witness received for the services he performed. The Agents produced extensive information responsive to this request.  Indeed, Defendants admitted as much in their October 12 letter. Nonetheless, Defendants now seek to depose Mr. Kanetkar on the very same topics that were the subjects of the Agent Document Subpoena with which Mr. Kanetkar complied. *Kelley*, 2016 WL 8673055 at *3 (granting motion to quash where the nonparty deposition subpoena sought information on topics that were the subject of prior document subpoenas, with which the nonparty already complied).   At the time Defendants served the Agent Document Subpoena, they could have served a deposition subpoena, but they chose not to do so.

That Defendants are now seeking Mr. Kanetkar's deposition on the very same subjects at the heart of the Agent Document Subpoena suggests that Defendants are using the non-party Agent as a pawn in their effort to raise continuous discovery issues to delay the underlying action.  The non-Party agents, who have already spent extensive time devoted to complying with the Agent Document Subpoena and other matters should not be compelled to spend further time being questioned as to items that Defendants already concede have provided them with "substantial information" for their motion to preclude the confidential witness.

No doubt Defendants will argue to the Court that there is information about the compensation and benefits that Mr. Kanetkar provided to the confidential witness that goes beyond the documents.  They will argue that they have the right to question Mr. Kanetkar to learn whether there were other benefits and compensation to him that are not reflected in the emails and documents produced.  But Defendants' suppositions are merely suppositions.  There is no factual basis for their wild speculation that there is additional undocumented information about payments and benefits given to the confidential witness.  In that regard, the Court should recognize that Defendants obtained documents on this topic directly from the confidential witness, and in 2018, the confidential witness was deposed, according to representations made to the court, for 16 hours by Defendants on the record.  Given the documents already produced by both the Agents and the confidential witness, as well as the testimony of the confidential witness, and Defendants' admission that they already have information for their motion to preclude, Defendants are simply on a proverbial fishing expedition. *Burgess*, 2021 WL 2661290 at *2 ("A subpoena used for discovery purposes must be made in good faith and cannot be used as a general 'fishing expedition.'"); *In re Centrix Financial, LLC*, 2012 WL 6625920 at *6 (granting nonparty's motion to dismiss a deposition subpoena where, among other reasons, the information sought was not relevant to the underlying claims and was instead a fishing expedition).

### IV.   DEFENDANTS ARE NOT ENTITLED TO DEPOSE MR. KANETKAR REGARDING HIS RELATIONSHIP WITH THE CONFIDENTIAL WITNESS (TO THE EXTENT THE RELATIONSHIP WAS NOT UNDER THE SUPERVISION OR AUTHORIZATION OF THE US GOVERNMENT) AS THEY HAVE ALREADY PROVIDED THE INFORMATION TO DEFENDANTS

It is not entirely clear what Defendants mean by this request, but it will be assumed that they are seeking to depose Mr. Kanetkar about his relationship with the confidential witness during the period that he was providing investigative services to Motley Rice and after the engagement

897654.1

ended. However, this is the very information that Defendants specifically sought from Mr. Kanetkar in the Agent Document Subpoena and that was provided to them. Specifically, many of the requests in the Agent Document Subpoena concern efforts between the confidential witness and the Agents to enter into business relationships during and following the termination of the engagement with Motley Rice. Notwithstanding that they have received that information and can use that information to support their intended motion to preclude, they seek to depose Mr. Kanetkar about the information provided. Mr. Kanetkar, a non-party, who has already been overburdened by this process should not be compelled to sit for a deposition on subjects as to which he has already provided generous information. *Kelley*, 2016 WL 8673055 at *3 (granting motion to quash where nonparty subpoenaed to be deposed had already produced the information sought in a prior document subpoena).

### V.    INFORMATION REGARDING ACTIONS UNDERTAKEN BY MR. KANETKAR, HIS COUNSEL AND MOTLEY RICE TO PRESERVE, COLLECT AND REVIEW POTENTIALLY RESPONSIVE DOCUMENTS FOLLOWING RECEIPT OF THE SUBPOENA DATED JUNE 18, 2018 IS NOT RELEVANT AND IS OVERLY BURDENSOME.

Mr. Kanetkar is not a party to this litigation and should not be subjected to examination on a topic so far afield from both the matters at issue in this case and, even with respect to Defendants' anticipated motion. There is no basis for permitting inquiry into this issue as to a non-party.

Defendants appear to want to pursue this inquiry based on a misimpression that Mr. Kanetkar did not take sufficient steps to preserve evidence upon receipt of the Agent Document Subpoena. Defendants appear to come to this conclusion based on the same faulty logic that has spurred this entire effort to obtain information from the Agents. This distorted logic begins with the false conclusion that Mr. Kanetkar provided inappropriate benefits to the confidential witness. Defendants then conclude that since they have incomplete information to support that false premise (not surprising), that absence can be explained by their conclusion that the evidence was not

14

properly preserved or it would otherwise be there.  However, this is raw speculation on the part of the Defendants, and a non-party witness should not be subject to such interrogation.

In any event, if the evidence Defendants seek is not available, it is more likely explained by the fact that (a) it never existed and (b) by the time Defendants served the Subpoena, more than five years had passed since the *end* of Mr. Kanetkar's engagement with Motley Rice and more than nine since the commencement of the engagement.  Obviously, during that nine-year period, items such as mobile phones and computers would have been replaced many times over.   In any event, even prior to the service of the Agent Document Subpoena, Motley Rice has represented to the Court that in connection with its efforts to comply with its party discovery obligations it had undertaken significant efforts to preserve evidence.  Not only had they gathered and copied all of the Agents' email boxes, they preserved relevant records from the Agents' computer hard drives.  Thus, even putting aside Defendants' conspiratorial machinations, there is no basis to conclude that relevant evidence was not preserved.

### CONCLUSION

For the reasons set forth above, Mr. Kanetkar, a non-party witness respectfully asks this Court to grant his motion and quash Defendant's deposition subpoena.

Dated: New York, New York
      December 8, 2021

**KRANTZ & BERMAN LLP**

By: Marjorie E. Berman (Admitted *Pro Hac Vice*)
     Ainsley Dowling
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 661-0009
mberman@krantzberman.com

*Attorneys for Non-Party Jayat Kanetkar*

15

897654.1