**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KRISHANTHI**, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**RAJARATNAM**, *et al.*,<br><br>Defendants. | Civil Action No. 2:09-cv-05395-BRM-JSA<br><br>**ORDER APPOINTING SPECIAL MASTER** |

  **THIS MATTER** having come before the Court by way of a series of discovery and pretrial disputes between the parties;

  and the Court having closely managed the progression of this case since it was initiated on October 22, 2009; and given the complexity of this litigation, the number of parties in the underlying action, and the volume and nature of discovery to be produced and sought;

  and it appearing from the Court's docket and court conferences that future discovery disputes will likely arise in this case;

  and it further appearing that this case will continue to demand a level of case management that is simply not sustainable given the docket congestion and the press of other matters on the Court's docket;

  and the parties having been advised on January 12, 2022 that, given the volume and intensity of the disputes and the Court's demanding calendar, the Court was considering the appointment of a Special Master and specifically Joseph A. Dickson, U.S.M.J. (ret.) of the firm Chiesa Shahinian & Giantomasi PC as Special Master, to assist with the pretrial process;

  and the Court finding that the appointment of a Special Master, pursuant to Federal Rule of Civil Procedure 53, is appropriate under the circumstances, where, as here, the special master

can frequently and promptly address and resolve disputes and hold status conferences to facilitate the progression of discovery without delay;

and the Court further concluding that the assistance of a Special Master would be beneficial to the resolution of pretrial disputes in this case;

and the parties having consented to the Court selecting a Special Master, and specifically the selection of Judge Dickson as Special Master;

and whereas Federal Rule of Civil Procedure 53(a)(1)(C) provides, in pertinent part, that the District Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C);

and whereas, "[a]lthough it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . utilization of a master is appropriate to 'perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing.'" *Luppino v. Mercedes Benz USA, LLC*, No. 09-05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (quoting *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012));

and whereas "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." *Id.* (citing *Grider v. Keystone Health Plan Cent., Inc.*, No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter.")). Indeed, this Court previously determined that the appointment of a special discovery master was appropriate in a matter involving "very

voluminous and complex issues of discovery." *Williams v. BASF Catalysts, LLC*, No. 11-1754 (JLL), 2017 WL 4220282, at *1 (D.N.J. Sept. 21, 2017); and

and whereas, for the aforementioned reasons, the Court finds that it is both necessary to appoint a Special Master in this litigation and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

and for good cause shown

**IT IS on this 24th day of January 2022**,

**ORDERED** that:

1. The Honorable Joseph A. Dickson, U.S.M.J. (ret.), of the firm Chiesa Shahinian & Giantomasi PC, is hereby appointed as Special Master pursuant to Fed. R. Civ. P. 53(a), on an ongoing basis for the purpose of assisting the Court with discovery and pretrial disputes.

2. The Special Master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the special master may establish and modify as necessary.

3. The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.

4. Any appeal of or objections to an action or decision made by the Special Master shall be filed with the Court within the time frame as set forth Local Civil Rule 72.1(c)(1), and shall in the first instance be filed and submitted to the Magistrate Judge.

5. The parties shall equally bear the costs of all matters addressed and/or resolved by the Special Master. However, for good cause shown, the Special Master may determine each party's costs, which shall be proportional, in the Special Master's good faith estimation, to the services rendered with respect to each party or reasonable based on other factors the Special Master deems

appropriate.

6. The special master shall receive an hourly rate of $750.00, and shall be reimbursed for any reasonable out-of-pocket expenses.

7. To fulfill his responsibility efficiently and cost-effectively, the Special Master may employ assistant lawyers and paralegals at the Special Master's law firm, selected by the Special master, under the supervision and control of the special master, and utilized at the Special Master's sole discretion. Their billing rates shall range from $300 to $500 per hour.

8. The Special Master shall submit invoices for his services, assistant lawyers' and paralegals' services, and out-of-pocket expenses to each party on a monthly basis.

9. The Special Master may consult with the Court, including, but not limited to, the Magistrate Judge, and shall submit any reports and recommendations, including matters resolved by consent, to the Court for entry as an Order on the docket.

10. The Special Master, his assistant lawyer(s), and paralegal(s) shall not be subject to subpoena by any party, relating to their services for this case.

11. The parties shall advise the Court and the Special Master of any apparent, potential, or actual conflict of interest no later than **January 26, 2022**.

12. The Special Master will contact the parties to set up an initial conference in the near future.

      /s/Brian R. Martinotti  
      **BRIAN R. MARTINOTTI**  
      **United States District Judge**

cc:   Hon. Jessica S. Allen, U.S.M.J.