## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISHANTHI, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>RAJARATNAM, et al., )<br>Defendants. ) | Case No. 2:09-CV-05395-BRM-JSA<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF <u>PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES</u>

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................1

ARGUMENT ..............................................................................................................2

   I.    THE THIRD AMENDED COMPLAINT IS NOT THE "OPERATIVE PLEADING." ....................................................................................2

   II.   DEFENDANTS DO NOT CHALLENGE STANDING OR STATE PREJUDICE. ........................................................................................3

   II.   THE TEMPORAL LIMITATIONS UNDER RULE 25 ARE NOT APPLICABLE. ........................................................................................6

   III.  THE SERVICE REQUIREMENT UNDER RULE 25(A)(3) IS INAPPLICABLE. ......................................................................................7

   V.   SUBSTITUTION OF THE NEXT-OF-KIN FOR THE INDIVIDUALS WHO SIGNED  CONTRACTS OF REPRESENTATION AND SUBSEQUENTLY DIED, WITHOUT COUNSEL'S KNOWLEDGE, PRIOR TO THEIR CLAIMS BEING ADDED TO THE COMPLAINT SHOULD BE GRANTED. .............................................................................7

   VI.  LETTERS OF ADMINISTRATION ARE NOT REQUIRED. .................10

   VII.  IF FEDERAL COMMON LAW DOES NOT APPLY, THE COURT SHOULD APPLY THE LAW OF NEW JERSEY IN DETERMINING WHETHER PLAINTIFFS' ATS CLAIM SURVIVES. .............................14

   VIII. DEFENDANTS' REQUEST FOR AN EVIDENTIARY HEARING INTO COUNSELS' AUTHORITY OVER THEIR CLIENTS IS UNSUPPORTED BY FACTS. ..................................................................15

CONCLUSION .........................................................................................................16

i

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Yungkau*,
  329 U.S. 482 (1947)................................................................6

*Cale v. Keim Lumber Co.*,
  2025 WL 346568 (W.D. Pa. Jan. 30, 2025) ...........................4

*Coster v. Watts*,
  390 F. Appx 168 (3d Cir. 2010) .............................................6

*Darmanchev v. Roytshteyn*,
  234 F.R.D. 78 (E.D. Pa. 2005)................................................9

*Davis v. Cadwell*,
  94 F.R.D. 306 (D. Del. 1982) .................................................9

*Doe I v. Exxon Mobil Corp.*,
  2007 WL 9865915 (D.D.C. July 13, 2007) ..........................13

*EMI Ent. World, Inc. v. Karen Recs., Inc.*,
  2013 WL 2480212 (S.D.N.Y. June 10, 2013) ........................4

*Esposito v. United States*,
  368 F.3d 1271 (10th Cir. 2004) ............................................10

*Giles v. Campbell*,
  698 F.3d 153 (3d Cir. 2012) ...............................................7, 9

*Harley v. Warren*,
  2023 WL 7489989 (D.N.J. Nov. 13, 2023) .............................7

*Hatcher v. Labrum*,
  1986 WL 6862 (E.D. Pa. June 18, 1986)...............................10

*In re Pearl Coal Co.*,
  30 F. Supp. 964 (M.D. Pa. 1940).........................................15

*Jones v. Miller*, 203 F.2d 131 (3d Cir. 1953)............................9

*Killmeyer v. Oglebay Norton Co.*,
    817 F. Supp. 2d 681 (W.D. Pa. 2011)......................................................................4

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*,
    101 F.3d 1492 (3d Cir. 1996) .................................................................................2

*Nkansah v. Kleinbard LLC*,
    2022 WL 843486 (3d Cir. Mar. 22, 2022).............................................................11

*Segal v. Brook*,
    2020 WL 7352554  (D.N.J. Dec. 15, 2020)...........................................................15

*Snider v. Vertex Aerospace*, LLC,
    338 F.R.D. 358  (S.D. Miss. 2021) ..........................................................................6

*Sosa v. Alvarez-Machain*,
    542 U.S. 692 (2004)...............................................................................................14

*TWI Int'l, Inc. v. Vanguard Oil & Serv. Co.*,
    1994 WL 191884 (S.D.N.Y. May 17, 1994) ...........................................................6

*W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*,
    712 F.3d 165 (3d Cir. 2013) ...................................................................................3

*W.A. Gage & Co. v. Bell*,
    124 F. 371 (W.D. Tenn. 1903)...............................................................................15

**Statutes**

Alien Tort Statute ("ATS")............................................................................... 14, 15

Muslim Intestate Succession Ordinance ...................................................................11

Sri Lankan Matrimonial Rights and Inheritance Ordinance....................................11

**Rules**

Chapter XXV of the Civil Procedure Code ........................................................ 12, 13

Chapter XXXVIII of the Civil Procedure Code ................................................. 12, 13

Fed. R. Civ. P. 17(a)(1)..............................................................................................5

Fed. R. Civ. P. 25(a)......................................................................................... passim

Fed. R. Civ. P. 15 ................................................................................................9

Fed. R. Civ. P. 4 ..................................................................................................7

Fed. R. Civ. P. 44.1 ...........................................................................................10

Fed. R. Civ. P. 5 ..................................................................................................7

Section 394 of the Civil Procedure Code.............................................................12

Plaintiffs respectfully submit this reply in support of their Motion to Substitute Parties pursuant to Rule 25(a) and 17(a)(3).

## **INTRODUCTION**

Plaintiffs filed a Motion to substitute successors for 19 now-deceased Plaintiffs pursuant to Rule 25(a) and to substitute 54 individuals as the real parties in interest under Rule 17(a)(3). *See* ECF No. 615. These motions come at a time in this litigation where discovery was bifurcated between liability issues and discovery related to Plaintiffs. Defendants' argument rests on a belief that they were somehow prejudiced by Plaintiffs waiting until the liability issue had been decided before seeking substitution to avoid burdening the Court with issues that were plainly only relevant upon entering Phase II discovery.

Whereas Plaintiffs have met the standard for substitution of parties pursuant to the Rules, Defendants seek to mislead the Court regarding the appropriate standards to apply to under both Rule 17 and Rule 25 citing cherry-picked language from cases that fail to stand for the legal propositions they assert. Further, Defendants obfuscate the caselaw in addressing the standard for measuring "reasonable time" for substitution. Defendants also fail in any meaningful way to argue that they stand to suffer any prejudice by the proposed substitutions— especially where the vast majority of these substitution motions do not impact the nature of the claims being asserted, and Phase II discovery remains open. Defendants

1

also wholly misstate the procedural nature of the filing of Plaintiffs' Third Amended Complaint in terms of referring to it as the Operative Complaint.

By reason of Defendants' (1) lack of fidelity to established caselaw, (2) failure to acknowledge that this case is only now in Phase II discovery related to Plaintiffs, and (3) failure to allege any possible prejudice they might sustain as a result of these substitutions,[1] Plaintiffs respectfully submit that the Special Master should grant Plaintiffs' Motion to Substitute.

## **ARGUMENT**

## I.    **The Third Amended Complaint is not the "Operative Pleading."**

In general, "the amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (citation omitted).

The Special Master here was the Magistrate Judge presiding over the case at the time that Plaintiffs sought leave to file their Third Amended Complaint (ECF No. 375), and the Order granting Plaintiffs' motion evidences the ***sole purpose*** of the Third Amended Complaint: (1) the Order granted "Plaintiffs' motion for leave to amend Paragraph 166 of Plaintiffs' Amended Complaint"; (2) the Order approved

---

[1] Defendants appear to argue that this case would not have proceeded absent these substitutions despite the irrefutable fact that—even without the Plaintiffs seeking substitution—this case would still involve over 200 individual claims.

the revised language for that singular paragraph that had been included in Plaintiffs' First Amended Complaint (ECF No. 163 at 51); and (3) the Order required Defendants "to issue their Answer to this single paragraph within twenty (20) days." ECF No. 379. The Order clearly states that the Third Amended Complaint solely superseded paragraph 166 of Plaintiffs' First Amended Complaint—filed on June 13, 2014. No additional Plaintiffs were added to the pleading, and all other factual allegations remained unchanged. This is not a case like *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 170 (3d Cir. 2013), where the plaintiffs filed an amended complaint omitting factual allegations from prior pleadings that rendered the earlier complaints a nullity. By agreement, the Third Amended Complaint removed a single allegation to which Defendants agreed to provide an Answer limited to the removed allegation. This process and agreement did not render the prior First Amended Complaint a nullity. *See* ECF No. 379 at 2.[2]

## II.    Defendants do not Challenge Standing or State Prejudice.

"The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, ***after an objection*** . . ." Rule 17(a)(3) (emphasis added). Rule 17 relies on *Defendants* having challenged standing or objected to Plaintiffs' failure to substitute parties to trigger the "reasonable time" requirement.

---

[2] Notwithstanding that Defendants provided Answers to the entirety of the Third Amended Complaint (*see* ECF Nos. 385-387), this fact does not negate this argument.

Here, Defendants' first formal objection occurred when they filed their opposition to Plaintiffs' motion to substitute.

An objection to standing is required prior to a determination of timeliness under Rule 17 as set forth in the cases that Defendants cite in their submission. *See Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 690 (W.D. Pa. 2011); *EMI Ent. World, Inc. v. Karen Recs., Inc.*, 2013 WL 2480212, at *3 (S.D.N.Y. June 10, 2013); *Cale v. Keim Lumber Co.*, 2025 WL 346568, at *3 (W.D. Pa. Jan. 30, 2025). Defendants do not address their failure to raise standing challenges in their numerous dispositive motions or at any other time during this litigation. Further, Defendants assert that a "reasonable time" should be calculated from "the time between [a minor's] attainment of the age of majority and the request for substitution." *See* Def. Br. at 20. As demonstrated by the cases above, Defendants set forth the incorrect standard.

Additionally, Defendants state, without providing detail, that "Defendants have been prejudiced, and will continue to be prejudiced." *See* Def. Br. at 28. This conclusory assertion of prejudice is insufficient to adequately provide the Court with a basis against substitution. Further, as Phase II discovery is ongoing with discovery motions currently pending before the Special Master, Defendants cannot demonstrate prejudice. *See* ECF No. 615-1 at 37-39.

Plaintiffs seek to substitute eight individuals[3] whose initials were inadvertently omitted from the complaint. *See* Def. Br. at 12. Rule 17 provides that "a guardian" is permitted to "sue in their own names ***without joining*** the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1) (emphasis added). It is sufficient to name the real party in interest at the time of filing without indicating any other capacities in which they are proceeding.

Defendants argue that the 20 individuals who reached the age of majority before being added to the "Operative Pleading" should be dismissed. *See* Def. Br. at 19. Because the Third Amended Complaint is not the "Operative Pleading," *see* Section I *supra.*, all but one (H.A. Senevirathna) of the individuals included in Defendants' Table two of Exhibit A turned eighteen ***after*** their claims were added to the complaint. Further, substitution of minors who turned eighteen prior to the complaint being filed is not a novel issue. *See* ECF No. 615-1 at 34-35. Because the Motion to Substitute was not unreasonably delayed, listing the individuals in their

---

[3] (1) P.S. Sasindu Dilshan, (2) M.A. Nadeeshani Pubudu Kumari Piyarathna (a/k/a/ "M.A. Nadeeshani Kumudu Kumari"), (3) Wasantha Chandana Senevirathnage Tharushi Amasha, (4) Senanayage Dinesha Udayangani Senanayake, (5) Padmasirige Maheshika Thilini Dissanayaka, (6) Amila Rohana Siripala, (7) Aruna Prabath Rupasinghe, and (8) Mathurachpalage Achilage Asela Madushan.

minor capacities is the result of an honest mistake,[4] and Defendants will not be prejudiced by substitution, the Court should grant substitution of these individuals.

## III.    The Temporal Limitations Under Rule 25 are not Applicable.

Defendants spend an inordinate amount of time in their submission arguing that Plaintiffs' motion was not timely in relation to the dates of the original Plaintiff's death. But courts have applied this limitation in cases where the *defendant's* estate is substituted, and not the plaintiff's estate. *See* Def. Br. at 8-9; *Anderson v. Yungkau*, 329 U.S. 482, 486 (1947); *TWI Int'l, Inc. v. Vanguard Oil & Serv. Co.*, 1994 WL 191884, at *1-*2 (S.D.N.Y. May 17, 1994); *Snider v. Vertex Aerospace*, LLC, 338 F.R.D. 358, 363 (S.D. Miss. 2021).[5] Here, Defendants fail to demonstrate how substitution of Plaintiffs would be unfair. *See* Def. Br. at 7-9. Additionally, the prudential concerns in the cases cited by Defendants are not present here where issues relating to individual Plaintiffs were not even ripe for discussion until the Court entered the summary judgment decision in December 2024. *See* ECF No. 193;

---

[4] Throughout Defendants' brief, they allege that Plaintiffs did not explain the "honest mistake" factor. *See* Def. Br. at 18-20; 26-27. Plaintiffs did so in their initial brief and incorporate those arguments here. *See* ECF No. 615-1 at 30-36.

[5] Another case cited by Defendants, *Coster v. Watts*, 390 F. Appx 168, 170 (3d Cir. 2010), is factually distinct where the motion to substitute pursuant to Rule 43 was dismissed after counsel failed to inform the court on the status of the deceased party's representative in probate court and, therefore, failed to identify the name and contact information of the person appointed to Coster's estate.

ECF No. 561. Accordingly, while the Advisory Committee Note is silent on whether it applies to Plaintiffs, case law supports Plaintiffs' premise that it does not.

## IV.    The Service Requirement Under Rule 25(a)(3) is Inapplicable.

Defendants also misstate the application of Rule 25(a)(3).  The Rule  states that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." The cases cited by Defendants state that this requirement is inapplicable where substitution is for deceased *plaintiffs*. *See Giles v. Campbell*, 698 F.3d 153, 158-159 (3d Cir. 2012) (no personal jurisdiction where plaintiff failed to serve the *defendant's* estate pursuant to Rule 4); *Harley v. Warren,* 2023 WL 7489989, at *4 (D.N.J. Nov. 13, 2023). Here, the putative estate representatives signed contracts of representation with Plaintiffs' counsel prior to filing the Motion to Substitute. The contracts of representation are available to the Special Master or the Court for *in camera* review if necessary. By virtue of consenting to continue the action on behalf of the deceased Plaintiffs, the Next-of-Kin agrees to be bound by the jurisdiction of this Court. Accordingly, Rule 25(a)(3) does not apply here.

## V.    Substitution of the Next-of-Kin for the Individuals who Signed Contracts of Representation and Subsequently died, Without Counsel's Knowledge, Prior to Their Claims Being Added to the Complaint Should be Granted.

Defendants incorrectly assert that seven individuals died prior to the "filing of the operative pleading." *See* Def. Br. at 12; Ex. A, Table A. As explained above, the

Third Amended Complaint is not the "operative pleading." Accordingly, there are only four[6] individuals who died prior to their claims being added to the complaint. Of the 19 substitutions under Rule 25, 15 died *after* their claims were included in the Complaint.[7] The remaining four individuals signed contracts of representation with Plaintiffs' counsel prior to their deaths, subsequently died without Plaintiffs' counsel being informed of their death, and were included in the pleadings in this case as living. To rectify this honest mistake, the identified Next-of-Kins seek to be substituted on behalf of these now-deceased Plaintiffs at a time where Plaintiffs' discovery is open, and Defendants cannot reasonably argue any prejudice.

---

[6] The following individuals signed contracts of representation and subsequently died without Plaintiffs' counsel being informed, and their claims were added in the Second Amended Complaint: (1) Auwsadahamige Senanayake, (2) Silambiralage Wijesinghe, (3) Bandage Jayawardana, and (4) M.H.M Aarif. *See* ECF No. 225 at ¶¶ 52, 35, 66, 142. The following individuals in Defendants' Table A to Exhibit A of Defendants' Br. died after their claims were added to the complaint: (1) M. Nandasiri Peris died on January 27, 2017 and his claim was added on March 8, 2016, (2) Mudelihamige Siriwathie died on June 30, 2018 and her claim was added on March 8, 2016, and (3) Nanhamige Samantha Nimal died on July 7, 2018 and his claim was added on March 8, 2016. *See* ECF No. 225 at ¶ 124, 47, 69.

[7] The following fifteen individuals died after their claims were included in the Complaint: (1) Nanhamige Samantha Nimal, (2) M. Nandasiri Peris, (3) R.C. Kumara Ratnayake, (4) Liyana Arachchige Ashoka Upali, (5) Sirisenage Pemalatha, (6) Pathiraja Mudiyanselage Punchibanda, (7) Awusadahamige Kirimenika, (8) Kirihamige Walliethana, (9) Menikralage Jayawardena, (10) Theymuni Dewage Dayawathi, (11) Mudelihamige Siriwathie, (12) W.A. Mithrawathie, (13) Baddaralage Siripala, (14) H.K. Sanjeewa Kumara, and (15) N. Sumali Weerawadana.

The Defendants cite several cases that are distinct from this action. *See* Def. Br. at 13-14. In one case, where a defendant died, counsel for the defendant no longer represented him, so the court lacked personal jurisdiction over the estate where it was not properly served under Rule 25, and there was "no evidence that the Government thereafter began representing Campbell's estate." *See Giles*, 698 F.3d at 158. Here, the putative Next-of-Kin executed contracts of representation with Plaintiffs' counsel to continue the litigation, so this Court may thereby assert personal jurisdiction over these individuals due to their consent to participate in this action. In other circumstances, the court analyzed whether to allow a plaintiff to substitute the estate of the deceased *defendant* or amend the complaint to name the estate of the deceased *defendant* under Rule 15. *See Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 79 (E.D. Pa. 2005); *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982).

In alternative to substitution under Rule 25, the estate claims brought under deceased Plaintiffs Bandage Jayawardana and M.H.M. Aarif may be substituted under Rule 17.[8] Rule 17(a)(3) "has the effect of permitting a substitution of the real party in interest and then relating back to when the action was first filed." *Hatcher v. Labrum*, 1986 WL 6862, at *2 (E.D. Pa. June 18, 1986); *Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004). At the time their claims were added to the

---

[8] Additionally, the claims for all four of the deceased Plaintiffs may be added to the complaint under Rule 15(a)(2) which states that "a party may amend its  pleading only with the opposing party's written consent or the court's leave."

9

complaint on behalf of the Estates of their family members, Plaintiffs were under the belief that Bandage Jayawardana and M.H.M. Aarif were alive. While preparing to make initial disclosures and respond to requests by Defendants under Phase II discovery, Plaintiffs were finally informed that Bandage Jayawardana and M.H.M. Aarif were deceased.[9] Listing these individuals as representatives on behalf of the Estates was an honest mistake, and substitution will not prejudice Defendants.

## VI.    Letters of Administration are not Required.

Plaintiffs' notice of intent to use Sri Lankan law is timely. Under Rule 44.1, "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."  Plaintiffs gave notice that they intended to raise and rely on issues of Sri Lankan and Muslim law in their Motion to Substitute. *See* ECF No. 615-1 at 2-13, 14-17; Exs. 67-69. Notice of intent to rely on foreign law in analyzing the Next-of-Kin is appropriate at this Phase of discovery. *See* ECF No. 193. Further, Defendants are not prejudiced and failed to articulate any prejudice.

Under Rule 44.1, "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Whereas Plaintiffs submitted

---

[9] Contrary to Defendants' arguments about alleged failure by Plaintiffs' counsel to communicate with their clients, Plaintiffs' counsel communicated with their clients, but some of the plaintiffs failed to understand the necessity of communicating the information regarding the death of one of the named Plaintiffs which explains the reason for some of the delays at issue here.

provisions of Sri Lankan law attached to the Declaration of Joseph J. Depalma, contrary to Defendants' contention, this declaration did not "make factual determinations." *See Nkansah v. Kleinbard LLC*, 2022 WL 843486, at \*2-3 (3d Cir. Mar. 22, 2022) (Rule 44.1 declarant attempted to opine on ultimate issues by constructing facts to fit his narrative). In their submission, Defendants proffered the affidavit of Jeevantha Jathrika Jayatilake to oppose Plaintiffs' recitation of Sri Lankan law regarding the manner in which substitution may be made for a deceased plaintiff in pending litigation. *See* Ex. B to Def. Br. Plaintiffs now proffer the Affidavit of Nimal Ranaweera, an expert in Sri Lankan law and former judge at various levels of the Sri Lankan judiciary for over two decades, to provide his rebuttal of Mr. Jayatilake. Plaintiffs respectfully request that the Court find the affidavit offered by Mr. Ranaweera as expert testimony to be admissible. *See generally* Ex. 1 to DePalma Cert. dated Nov. 3, 2025 ("DePalma Cert.").

Defendants' expert confuses the issue of estate administration with the substitution of a party by their Next-of-Kin.[10]  Defendants' expert, Mr. Jayatilake,

---

[10] Defendants also conflate the standard for substitution under Rule 25(a) versus Rule 17 and request to analyze substitution of deceased parties by determining whether "the delay between the named Plaintiff's death and filing of the notice of death was (i) the product of an 'honest mistake' and was (ii) reasonable." *See* Def. Br. at p. 18. Plaintiffs moved under Rule 25(a) for substitution of the 19 deceased Plaintiffs. Therefore, the proposed Rule 17 analysis is inapplicable. Further, the calculation of delay under Rule 25(a) is determined from the date a Plaintiff filed the notice of death or after a defendant raised an objection. *See* ECF No. 615 at pp. 4, 27.

opines that "the family members of a deceased person who dies intestate must initiate a Testamentary Case to administrate the deceased's estate." *See* Ex. B to Def. Br. However, the procedure of estate administration is inapplicable.  The issue before the Court is whether the named Next-of-Kin of the estates of deceased Plaintiffs may continue the litigation. Plaintiffs' expert, Mr. Ranaweera, opines that "it is neither necessary nor mandatory for the surviving party to institute a testamentary action in order to continue a case when a party dies while the case is pending." Ex. 1 to DePalma Cert. at ¶ 19. Rather than applying chapter XXXVIII of the Civil Procedure Code ("CPC") (titled "Testamentary actions"), Mr. Ranaweera finds that chapter XXV of the CPC (titled "Of the continuation of the actions after alteration of a party's status") is the applicable chapter. *Id*. at ¶ 22; Ex. 2 to DePalma Cert. Whereas the defense expert  opined that only administrators or executors appointed through probate-like processes in Sri Lanka may be substituted for a deceased plaintiff, Mr. Ranaweera states that the basis for Mr. Jayatilake's opinion "is inapplicable to the current issue of substitution in the place of the deceased plaintiff" and that "executors or administrators or heirs or next of kin (commonly 'legal representatives') of the deceased party can proceed with the matter after they are made a party to the action by way of substitution." Ex. 1 to DePalma Cert. at ¶¶ 11-12.  Section 394 of the CPC, according to Mr. Ranaweera, provides that where the original plaintiff has not provided a memorandum naming his successor with the court prior to his death, then

"any party may apply to the court requesting an executor or administrator or, in the case of an estate which is below the administrable value, the next of kin who has adiated the inheritance of the deceased party to be substituted in the place of the deceased party." *Id.* at ¶ 30; Ex. 2 to DePalma Cert.

Furthermore, in eschewing the proposed rule stated by Defendants' expert that the only person who may be substituted for a deceased party is the person who was appointed as administrator or executor under chapter XXXVIII, Mr. Ranaweera provides multiple cases coupled with the provisions of chapter XXV to support the notion that "[n]either the CPC nor the caselaw [in Sri Lanka] supports the proposition that only a court-appointed administrator or executor may be substituted into a pending case when a litigant passes away." Ex. 1 at ¶¶ 30-34 to DePalma Cert. This conclusion comports with caselaw within the U.S. stating "[r]ule 25(a)(1) does not require a formal court order to establish that an individual is a distributee or successor." *Doe I v. Exxon Mobil Corp.*, 2007 WL 9865915, at *2 (D.D.C. July 13, 2007).

According to Mr. Ranaweera, the Next-of-Kin under Sri Lankan law may be substituted in the action without Letters of Administration, and the opinion proffered by Mr. Jayatilake "would cause unreasonable and lengthy delay which is unnecessary, impractical, and contrary to the sustainability of the existing law in Sri Lanka." Ex. 1 at ¶ 37 to DePalma Cert. Mr. Ranaweera further states that "[t]he

process instituted by the Plaintiffs in this case of submitting a memorandum to the Court for acceptance of a substituted party conforms to the law for such substitutions in Sri Lanka." *Id.* at ¶ 38.

## VII. If Federal Common Law Does not Apply, the Court Should Apply the Law of New Jersey in Determining Whether Plaintiffs' ATS Claim Survives.

In reviewing Rule 25 jurisprudence regarding what law to apply in determining whether Plaintiffs' claims survive, Defendants conflate Rule 25 and a more specific choice-of-law analysis. Plaintiffs' Alien Tort Statute ("ATS") claims survive under federal common law. *See* ECF No. 615-1 at pp. 7-10. The Supreme Court in *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004), while cautioning about over-extending the private claims recognized under the ATS, stated, "federal courts should not recognize private claims *under federal common law* for violations of any international law norm with less definite content and acceptance among civilized nations than the historical paradigms familiar when [28 U.S.C.] §1350 was enacted." (emphasis added). This is a clear statement that the U.S. Supreme Court believes that a private claim arising from the jurisdiction grant under the ATS represents a federal-common-law cause of action.

Plaintiffs submit that if federal common law does not apply, the Court should look to the law of the forum state. Under New Jersey law, Plaintiffs claims also survive. *See* ECF No. 615-1 at 10-12. In *Giles*, the court noted that "where federal

law is deficient, courts are to turn to the common law, as modified and changed by the constitution and statutes of the [forum] State." *Giles*, 698 F.3d 153, 156 (citation and internal quotations omitted). Ignoring the instruction in *Giles* to apply the law of the forum state, Defendants allege that whether a claim under the ATS survives is to be determined by applying the law of Sri Lanka. *See* Def. Br. at 24. This argument is inconsistent with the Supreme Court's decision in *Sosa* and with the *Giles* decision from the Third Circuit.

## VIII. Defendants' Request for an Evidentiary Hearing into Counsels' Authority over Their Clients is Unsupported by Facts.

Defendants' argument as to the need for an evidentiary hearing is meritless. *See* Def. Br. at 30-31. At a minimum, the cases cited by the Defendants support the premise that an affidavit or declaration from the purported client is required for such a hearing. *W.A. Gage & Co. v. Bell*, 124 F. 371, 380 (W.D. Tenn. 1903). This evidentiary burden also forecloses Defendants' reference to the Court's authority to *sua sponte* inquire into the matter. *Id*. at 380; *In re Pearl Coal Co*., 30 F. Supp. 964, 966 (M.D. Pa. 1940).[11] Counsel is authorized to act on behalf of the individuals who

---

[11] Defendants' allegations of breach under RPC 1.4(b) and (c) fail for similar reasons. These duties apply to clients and are generally raised by those whom the duty is owed. *See, e.g., Segal v. Brook*, 2020 WL 7352554, at *3 (D.N.J. Dec. 15, 2020) (claim of breach under RPC 1.4(b) and (c) initiated by client).

seek to be substituted. Further, Counsel was authorized to act on behalf of the Plaintiffs originally named.[12]

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their Motion to Substitute Parties and permit the substitutions as provided.

Dated: November 3, 2025            Respectfully submitted,

/s/ Joseph J. DePalma
Joseph J. DePalma
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Phone:  (973) 623-3000
Fax:     (973) 623-0858

Michael E. Elsner (admitted *pro hac vice*)
John M. Eubanks  (admitted *pro hac vice*)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone:  (843) 216-9000
Fax:     (843) 216-9450

*Attorneys for Plaintiffs*

---

[12] In support of their argument for disclosure of the contracts of representation, Defendants cite to cases which discuss disclosure of retainers made during discovery disputes. *See* Def. Br. at pp. 29-30. Here, the contracts of representation are not relevant to Plaintiffs' claims and are offered for *in camera* review in anticipation of Defendants' repeated and unsubstantiated challenges to Counsel's authority to act on behalf of their clients.