**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARUNAMUNIGE CHAMILA KRISHANTHI, *et al.*,<br>Plaintiffs,<br>v.<br>RAJAKUMARA RAJARATNAM, *et al*.<br>Defendants. | Civil Action No. 2:09-CV-5395-BRM-JSA |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS


| | Page |
|---|---|
| **TABLE OF AUTHORITIES** | **iii** |
| **PRELIMINARY STATEMENT** | **1** |
| **ARGUMENT** | **3** |
| **I. Plaintiffs do not oppose judgment for the Defendants on Count One in light of *Cisco*.** | **3** |
| **II. Disposition of Count One does not resolve the separate issues concerning Plaintiffs' claims for Intentional Infliction of Emotional Distress, Wrongful Death, or Survival.** | **4** |
| **A. Dismissal of Count One does not eliminate the Court's independent Diversity Jurisdiction.** | **4** |
| **B. Plaintiffs' Wrongful Death and Survival Claims and the pending motions to substitute should be treated as separate from Count One.** | **5** |
| **1. Plaintiffs' Wrongful Death and Survival Claims were previously dismissed for lack of standing "at this time" and may be remedied.** | **5** |
| **2. Plaintiffs' pending substitution motions for both estates of individuals who have passed away since this litigation began and minors who have achieved the age of majority should be resolved.** | **7** |
| **C. There are outstanding issues concerning the later-added claims for Intentional Infliction of Emotional Distress.** | **8** |
| **1. Relation-Back Doctrine** | **9** |
| **2. Equitable Tolling** | **13** |
| **III. Any judgment should expressly preserve matters outside the scope of Defendants' Motion.** | **15** |
| **CONCLUSION** | **15** |

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cisco Sys., Inc. v. Doe* I, 146 S. Ct. 1882 (2026) .......................................... passim

*Fang Liu v. Affinity Care of New Jersey*, 2022 LX 41081, 2022 WL 17366271 (N.J. Super. Ct. App. Div. Dec. 2, 2022)..........................................................6

*Feuerstack v. Weiner*, 2013 U.S. Dist. LEXIS 106321 (D.N.J. July 30, 2013) ......10

*Hanger v. Abbott*, 73 U.S. 532 (1867) ..................................................................14

*In re Community Bank of Northern Virginia*, 622 F.3d 275 (3d Cir. 2010).............9

*Jane W.*, 560 F. Supp. 3d 855 (E.D. Pa. 2021) .......................................................14

*Levin v. Weissman*, 594 F. Supp. 322 (E.D. Pa. 1984), *aff'd*, 760 F.2d 263 (3d Cir. 1985) ....................................................................................................10

*Navedo v. Acevedo*, 752 F. Supp. 523 (D.P.R. 1990) .............................................10

*Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995)...................................9

*Robinson v. City of W. Chester*, 1994 U.S. Dist. LEXIS 5022 (E.D.P.A. 1994) ....10

*Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001) ....................................................13

*Yousef v. Samantar*, 2012 U.S. Dist. LEXIS 122403, 2012 WL 3730617 (E.D. Va. 2012), *aff'd*, 699 F.3d 763 (4th Cir. 2012) .......................................................13

## Statutes

28 U.S.C. § 1350 ........................................................................................ passim

N.J.S.A. 2A:15-3(a)(2)...........................................................................................5

N.J.S.A. 2A:31-2(b) ...............................................................................................5

## Rules

Fed. R. Civ. P. 12(c)......................................................................................... 1, 3, 6

Fed. R. Civ. P. 15(c)(1)(B) .......................................................................................9

Plaintiffs in the above-captioned case respectfully submit this memorandum of law in response to Defendants' Raj Rajaratnam and the Estate of Jesuthasan M. Rajaratnam (hereinafter "Defendants") Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). As explained herein, Defendants' motion pertains solely to Count One, which asserts claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. Defendants seek judgment on Count One following the Supreme Court's decision in *Cisco Sys., Inc. v. Doe I*, 146 S. Ct. 1882 (2026). Defendants' Motion is expressly limited to Count One and, accordingly, any grant of Defendants' Motion should be limited in scope only to Plaintiffs' Count One.

## PRELIMINARY STATEMENT

Plaintiffs acknowledge that *Cisco Systems, Inc. v. Doe I*, 146 S. Ct. 1882 (2026), forecloses the claims asserted in Count One under the ATS.[1] Plaintiffs therefore do not oppose entry of judgment on Count One to the extent required by that decision.

Defendants' motion is expressly limited to Count One. ECF No. 625-1 at 1, 8. It does not seek adjudication of the pending substitution applications or reconsideration of the Court's prior rulings on the state-law claims. Plaintiffs

[1] Count Two—which was dismissed previously—would also be similarly impacted as it also arises under the ATS.

respectfully request that any judgment reflect that limited scope and that the Court address the pending applications separately.

The disposition of Count One does not, by itself, eliminate the Court's independent subject matter jurisdiction over the state-law claims. Plaintiffs are citizens of Sri Lanka, Defendants are citizens of New Jersey and New York, and the amount in controversy exceeds $75,000. Accordingly, Plaintiffs submit that diversity jurisdiction provides an independent basis for adjudicating those claims. 28 U.S.C. § 1332(a)(2).

While the claims under Count One are addressed by the Supreme Court's *Cisco* decision, that decision also necessitates additional motion practice related to Plaintiffs' state-law claims—specifically as to the relation-back doctrine where acts arise out of the same nucleus of fact that were presented in Plaintiffs' initial Complaint that was filed on October 22, 2009. Plaintiffs will be filing a pre-motion conference letter pursuant to the Court's individual rules following a meet and confer with Defendants regarding reconsideration of prior decisions that were of little import to the case prior to the Supreme Court's *Cisco* decision regarding the claims under the ATS.

## ARGUMENT

### I. Plaintiffs do not oppose judgment for the Defendants on Count One in light of *Cisco*.

Defendants seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on the Supreme Court's decision in *Cisco*. ECF No. 625-1 at 4–8. Plaintiffs acknowledge that *Cisco* forecloses the ATS claims asserted in Count One and do not oppose entry of judgment on that count to the extent required by the controlling decision.

However, that concession does not extend beyond Count One. Defendants' motion neither seeks judgment on Count Seven nor requests adjudication of the pending substitution applications. The Court should, therefore, confine its ruling to the sought-after relief and avoid treating the disposition of Count One as resolving any other claim, pending application, or issue.

The disposition of Count One should not be conflated with separate questions regarding the Plaintiffs' state-law claims, including the relation back of claims asserted in amended pleadings and the pending applications to substitute for deceased Plaintiffs.

## II. Disposition of Count One does not resolve the separate issues concerning Plaintiffs' claims for Intentional Infliction of Emotional Distress, Wrongful Death, or Survival.

### A. Dismissal of Count One does not eliminate the Court's independent Diversity Jurisdiction.

As an initial matter, the Court's jurisdiction is not dependent solely on the claim. Under 28 U.S.C. § 1332(a)(2) district courts have original jurisdiction over qualifying civil actions between citizens of a State and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000, exclusive of interest and costs.

Here, Plaintiffs are citizens of Sri Lanka, Defendants are citizens of New Jersey or New York, and the personal injury claims involve amounts exceeding the jurisdictional threshold. On these facts, diversity jurisdiction provides an independent basis for the Court to adjudicate the state law claims that remain viable.

Accordingly, Plaintiffs respectfully submit that the Court should account for this independent basis of jurisdiction and should not assume that the disposition of Count One necessarily requires dismissal of all other claims.

### B. Plaintiffs' Wrongful Death and Survival Claims and the pending motions to substitute should be treated as separate from Count One.

#### 1. Plaintiffs' Wrongful Death and Survival Claims were previously dismissed for lack of standing "at this time" and may be remedied.

In its August 26, 2010 opinion, the Court dismissed the wrongful death and survival counts because the representative capacity had not then been established. ECF No. 48 at 28–29. Specifically, the Court stated that Plaintiffs had failed to establish standing "[a]t this time." *Id.* Plaintiffs submit that they may still remedy these standing issues for their Wrongful Death and Survival Claims; however, to determine which claims need to be remedied (aside from those in the initial Complaint that was filed on October 22, 2009), Plaintiffs will be moving the Court to a determination of whether or not certain claims of Plaintiffs that were first filed in the Second Amended Complaint (ECF No. 225, dated March 8, 2016) relate back to the filing of the initial complaint. *See also, infra.*

Amendments to New Jersey's Survivor Act and Wrongful Death Act, enacted by P.L. 2021, c. 481, authorize, in specified circumstances, the designation of a qualified person and the amendment of pleadings nunc pro tunc with relation back to the first pleading. N.J.S.A. 2A:15-3(a)(2); N.J.S.A. 2A:31-2(b). The legislation specifies that it applies to actions commenced before its effective date that had not yet been finally adjudicated as of that date. P.L. 2021, c. 481, § 3. In *Fang Liu v.*

*Affinity Care of New Jersey*, 2022 LX 41081, 2022 WL 17366271 (N.J. Super. Ct. App. Div. Dec. 2, 2022), the Appellate Division applied those amendments to a matter that had been dismissed but remained in the appellate process when the amendments took effect. Although *Liu* is unpublished and is not binding precedent, it provides persuasive guidance concerning the curative purpose of the amendments. Given that the Court in this matter ruled that standing had not been established "at the time[,]" Plaintiffs submit that there remains a curative route for standing on these state-law claims that arguably would have been unnecessary had the claims proceeded solely under the ATS and not under New Jersey state law. The procedural history supports the consideration of these claims and establishing rights for the estates of those who were killed in the attacks and who asserted claims for wrongful death and survival.

The present motion does not ask the Court to decide those issues. Nor does it ask the Court to determine whether any proposed substitution, amendment, or statutory relation-back provision satisfies the governing procedural and substantive requirements. Any judgment under Rule 12(c) should therefore leave the pending applications for separate resolution and should not be construed as deciding them.

### 2. Plaintiffs' pending substitution motions for both estates of individuals who have passed away since this litigation began and minors who have achieved the age of majority should be resolved.

In addition to the Wrongful Death and Survival Claims that were addressed in the Court's decision on the motion to dismiss, over the course of the past 17 years since this case was initially filed, numerous plaintiffs have passed away and former-minor children have achieved the age of majority. In advance of the Supreme Court's decision in *Cisco*, the parties had briefed and argued motions for substitution before the Court-appointed Special Master to allow individuals with Intentional Infliction of Emotional Distress claims to proceed under their "real party in interest"—through an estate representative and next of kin for those plaintiffs who have passed away since their claims were initially submitted or on their own behalf for former-minor children who have attained the age of majority. Those applications remain unresolved. Plaintiffs respectfully request that the Court consider and resolve those applications, rather than treating the present motion as resolving them by implication. As these claims arise pursuant to state law, they are not impacted by the *Cisco* decision, and the relief sought by the Defendants has been confined to counts arising under the ATS.

### C. There are outstanding issues concerning the later-added claims for Intentional Infliction of Emotional Distress.

The Court's December 18, 2024, summary judgment opinion granted Defendants' motion as to any claims for intentional infliction of emotional distress ("IIED") added after the original complaint on statute of limitations grounds.[2] ECF No. 560 at 56–60. The IIED claims asserted in the original complaint remain pending following the Court's summary judgment opinion. *See id.*

On the issue of the later-added IIED claims, Plaintiffs submit that there are outstanding questions with respect to equitable tolling and the relation-back doctrine. Plaintiffs recognize that the Court has already entered summary judgment on the later added claims. Plaintiffs are not asking the Court to vacate or revise that ruling through this response. Plaintiffs submit that questions of relation back and equitable tolling warrant separate consideration. This is especially true where, at summary judgment, while the state-law claims for IIED were dismissed, these claims were nevertheless subsumed within the ATS claims that defeated summary judgment. To the extent that *Cisco* has recalibrated how the ATS claims must be viewed, Plaintiffs submit that fundamental fairness dictate they be permitted to seek

[2] As described in Plaintiffs' Opposition to the Defendants' Motion for Summary Judgment, neither the First nor Third Amended Complaints added new claims nor Plaintiffs. *See* ECF No. 554 at 42–43. The only pleading in which new claims were added is the Second Amended Complaint ("SAC"), which was filed on March 8, 2016. ECF No. 225.

relief for the affected plaintiffs through a motion for reconsideration addressing the relation-back doctrine and the doctrine of equitable tolling.

Thus, Plaintiffs request that the Court not construe its disposition of Count One as independently resolving any issue beyond the scope of ECF No. 625-1. To provide context to the arguments Plaintiffs anticipate raising should the Court permit their motion for reconsideration, the following provides the Court some of the bases for their arguments.

**1. Relation-Back Doctrine**

Rule 15(c) of the Federal Rules of Civil Procedure addresses, among other matters, when an amended pleading relates back to the date of an earlier pleading, including when a claim arises from the conduct, transaction, or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The Third Circuit has also addressed relation back involving newly added plaintiffs, while recognizing that the analysis depends on the circumstances in which those plaintiffs are added. *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1014–15 (3d Cir. 1995) (indicating that new plaintiffs' claims relate back if the claims arose from the same conduct of the original claims and if defendant knew or should have known of the potential claims); *In re Community Bank of Northern Virginia*, 622 F.3d 275, 297–99 (3d Cir. 2010) (explaining *Nelson* and the relation-back doctrine for newly added plaintiffs).

*See also Robinson v. City of W. Chester*, 1994 U.S. Dist. LEXIS 5022, *3–5 (E.D. Pa. 1994) (the relation-back doctrine extends to the addition of new plaintiffs).

Courts have allowed a new plaintiff's claim to relate back if it arose out of the same conduct of the initial complaint and if defendant had notice of the potential new plaintiff such that they would not be prejudiced. *See e.g.*, *Robinson v. City of W. Chester*, 1994 U.S. Dist. LEXIS 5022 at *5-6 (concluding that a new plaintiff's claim related back because the defendants were on notice that she was a potential party). *See also Levin v. Weissman*, 594 F. Supp. 322, 330 (E.D. Pa. 1984), *aff'd*, 760 F.2d 263 (3d Cir. 1985) (allowing a new plaintiff's claim to relate back because the claim arose from the same conduct and Defendant thus had ample notice).[3] Others have additionally required a showing that the defendants knew or should have known that the action would have been brought but for a mistake. *See, e.g.*, *Feuerstack v. Weiner*, 2013 U.S. Dist. LEXIS 106321, *10 (D.N.J. July 30, 2013).

Here, the later-added IIED claims qualify for relation back. First, the complaints include the same allegations regarding the Defendants' wrongful conduct. As described in the Court's Summary Judgment Decision, this matter concerns the Defendants' purposeful and substantial provision of support and

[3] Courts in other circuits have simply required that the claim arose from the same conduct. *See, e.g.*, *Navedo v. Acevedo*, 752 F. Supp. 523 (D.P.R. 1990) (new plaintiffs' claims not subject to the statute of limitations because they related back to the original filing).

resources to LTTE-related entities and individuals. These allegations regarding Defendants' conduct remain the same regardless of the time of the attack or the Plaintiff. *See* ECF 560 at 3–13. The original pleading placed Defendants on notice of the alleged conduct at issue, and the amended claims did not introduce any unrelated episodes of Defendants' conduct. All of the claims arose from that same conduct.

Second, Plaintiffs' initial Complaint described the widespread death and destruction due to the LTTE, as well as the amount of people injured and murdered by each attack. *See, e.g.*, ECF No. 1 at ¶¶ 1 ("LTTE has murdered over 4,000 people since 2006), 16 (killed 17, injured over 30), 26 (killed 15, injured 80), 31 (killed 15, injured 105), 39 (injured 18), and 41 (killed 28, injured over 70). Defendants were on notice of the widespread impact of their conduct and the fact that many others not yet named were harmed. Importantly, "Plaintiffs informed the parties and the Court that [counsel] had been retained by additional plaintiffs after [the complaint was filed] and … were investigating those claims." ECF No. 220-1 at 2. Thus, Defendants had fair notice that there were additional plaintiffs to be added, and the alleged wrongful conduct that formed the basis of those plaintiffs' claims.

Further, the Joint Discovery Plan, filed in October 2014 (only after additional dispositive briefing was permitted in light of intervening Supreme Court cases), stated:

> Plaintiffs propose that they be allowed to amend the operative complaint by adding additional parties on or before the close of fact discovery for Phase 1, without leave of Court. Defendant submits that, unless specifically consented to, any such amendment may only be made upon the grant of a motion for leave to amend and reserves the right to oppose any such motion[.] ECF No. 188 at 5, ¶ 8(h).

Thereafter, the initial Pretrial Scheduling Order specifically provided that "Any motion to add new parties … must be filed on or before the close of fact discovery for Phase I." ECF. No. 193 at ¶ 15. Considering these facts and the procedural history, Defendants can hardly argue that they were not on notice that there were other potential plaintiffs harmed by the alleged conduct in which they engaged.

Third, given the overlap of conduct at issue and the procedural history, there is no prejudice to the Defendants. Instead, Defendants knew that additional plaintiffs were being investigated and could be added by the close of discovery. *See* ECF No. 188, at 5 ¶ 8(h), 193 at ¶ 15. Defendants cannot claim unfair surprise. Indeed, Defendants conceded that these claims could be added. *See* ECF No. 221. Finally, in the Motion to Amend, Plaintiffs' counsel detailed the difficulties it encountered "determin[ing] the *bona fides* of the putative plaintiffs' claims" which required "multiple trips to Sri Lanka and working in remote areas in an unfamiliar language[.]" *Id.* at 2.

Accordingly, Plaintiffs will seek a determination by the Court that the new claims added in the SAC should relate back to the date of the initial Complaint (October 22, 2009). Thus, all claims relating to attacks that occurred after October

23, 2007, would fall within a two-year statute of limitations. And, as described below, all claims relating to prior attacks[4] are saved by the addition of equitable tolling until the end of the war in 2009.

**2. Equitable Tolling**

In addition to the relation-back doctrine, the equitable tolling doctrine applies to keep all of Plaintiffs' IIED (and their Wrongful Death and Survival claims) within a two-year time period. To clarify, Plaintiffs submit that the IIED claims should be equitably tolled until 2009, the end of the civil war in Sri Lanka. By tolling claims that otherwise may have accrued when the terrorist attack happened (i.e., 2006) until 2009 and also relating claims back to initial filing date in 2009, all IIED claims come well within a two-year statute of limitations.

Equitable tolling is applied where "extraordinary circumstances beyond [a plaintiff's] control prevented him from complying with the statutory time limit." *Yousef v. Samantar*, 2012 U.S. Dist. LEXIS 122403, 2012 WL 3730617 (E.D. Va. 2012), *aff'd*, 699 F.3d 763 (4th Cir. 2012) (quoting *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). For example, where periods of "extreme unrest and legitimate fear of retaliation" make it difficult for a plaintiff to seek her remedy. *Id.* Courts in the Third Circuit have likewise recognized that equitable tolling applies during

[4] There are three attacks that predate October 23, 2007. These are the attacks that occurred on June 14, 2006, June 15, 2006, and October 20, 2007. There are a total of eighty-one (81) claimants whose claims arise out of these three attacks.

"[t]he existence of an ongoing civil war[.]" *See Jane W.*, 560 F. Supp. 3d 855, 873-75 (E.D. Pa. 2021). *See also Hanger v. Abbott*, 73 U.S. 532 (1867) (tolling statute of limitations during the American civil war).

In *Jane W.*, the Eastern District of Pennsylvania held that the ten-year statute of limitations period applicable to the ATS claims was tolled during two periods of civil war in Liberia, as well as periods of instability while a peace agreement was in place. *Id.* As Defendants have admitted, Sri Lanka was entangled in a deadly civil war because of the LTTE through 2009. *See* ECF No. 547-1 at ¶¶ 5 ("During the civil war, the LTTE conducted … terrorist attacks on non-military targets"), 9 ("The ceasefire was broken in 2006, and GoSL eventually won the war … in 2009").[5] Here, the LTTE broke the ceasefire agreement and the civil war continued through 2009, which made it difficult for Plaintiffs to properly seek a remedy. Accordingly, like *Jane W.*, Plaintiffs' ability to pursue remedies for their harms were stymied during those periods of unrest and the Plaintiffs' claims should be subject to equitable tolling during the years of the civil war, at least.

Therefore, Plaintiffs will also submit to the Court that their claims were tolled until 2009, all of them relate back to the initial filing on October 22, 2009, and none

[5] In addition to relating back to date of the initial Complaint, the claims relating to the attacks occurring on June 14, 2006, June 15, 2006, and October 20, 2007 should be subject to equitable tolling based on the ongoing civil war in Sri Lanka until the LTTE's defeat in 2009.

of Plaintiffs' IIED claims (or Wrongful Death or Survival claims) are barred by the statute of limitations.

## III. Any judgment should expressly preserve matters outside the scope of Defendants' Motion.

Defendants request judgment only as to Count One. ECF No. 625-1 at 8. Plaintiffs respectfully request that the Court's order reflect that limited scope. Specifically, the order should not be construed as (1) adjudicating the merits of the IIED claims that remain pending under the Court's prior rulings; (2) deciding the pending applications for substitution or amendment concerning estate representatives and next of kin; or (3) determining the legal effect of any proposed relation-back or equitable-tolling theory not presented for decision in Defendants' motion.

This requested limitation is especially appropriate because Defendants themselves have confined their motion to Count One. A ruling on that count should resolve the question presented without expanding the motion into unrelated procedural and substantive issues. Simply put, Plaintiffs seek to avoid an Order that would potentially treat these contested issues as though they have already been adjudicated through this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs do not oppose entry of judgment on Count One to the extent required by *Cisco*. Plaintiffs respectfully request that the

Court limit its ruling to Count One and not construe that ruling as independently adjudicating the pending substitution motions or issues concerning claims outside the scope of Defendants' motion. Plaintiffs further request that the Court consider the pending substitution applications in light of the procedural history and determine whether an independent basis for jurisdiction exists for the state law claims that remain.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Joseph J. DePalma*________
Joseph J. DePalma, Esq.
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 Broad Street
Suite 1201
Newark, New Jersey 07102
jdepalma@litedepalma.com
Tel: (973) 623-3000
Fax: (973) 623-0858

Michael E. Elsner, Esq.
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
melsner@motleyrice.com
jeubanks@motleyrice.com
Tel: (843) 216-9000
Fax: (843) 216-9450

*Attorneys for Plaintiffs*